**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Ángel Alejandro Heredia Mons, *et al.,* on behalf of themselves and others similarly situated,

*Plaintiffs,*

*v.*

Kevin K. McALEENAN, Acting Secretary of the Dep't of Homeland Security, in his official capacity, *et al.*

*Defendants.*

Civil Action No. ______

**MEMORANDUM IN SUPPORT OF PLAINTIFFS Y.A.L, J.M.R., P.S.P., R.O.P., M.R.M.H., AND F.J.B.H.'S MOTION TO PROCEED ANONYMOUSLY AND TO FILE SUPPORTING EXHIBITS UNDER SEAL**

**BACKGROUND**

As alleged in the Complaint in this action, Plaintiffs Y.A.L, J.M.R., P.S.P., R.O.P., M.R.M.H., AND F.J.B.H. ("Anonymous Plaintiffs"), are asylum seekers detained by U.S. Immigration and Customs Enforcement ("ICE"), who have been found to have a credible fear of persecution if forced to return to their countries of origin, and have been referred for hearings before immigration judges to pursue their asylum claims. Their suit challenges that the Department of Homeland Security ("DHS") denied them and others similarly situated parole without an individualized determination of flight risk or dangerousness, in violation of DHS's own internal policies, guidelines, and directives.

Because each of the Anonymous Plaintiffs has been specifically targeted for violence and fears continued persecution, as well as retaliation for reporting their persecutors to governmental authorities by seeking asylum, Anonymous Plaintiffs respectfully request to file

under seal any declarations in support of their Complaint and/or subsequent pleadings, and to proceed anonymously in this litigation. Anonymous Plaintiffs also seek to file under seal Exhibit 1, a list of Anonymous Plaintiffs' true names and alien numbers, matched with the pseudonyms they seek to use in this suit. Finally, Anonymous Plaintiffs request an order prohibiting Defendants from publicly disclosing their identities. (They do not seek to remain anonymous with respect to Defendants.)

Anonymous Plaintiffs fear that their persecution would become more severe if their status as asylum applicants were publicly disclosed.[1] Specifically:

- Plaintiff Y.A.L. fled Cuba in October 2018, after Cuban police detained and assaulted him, fabricated charges against him for so-called anti-government acts, and threatened to make him disappear. Fearing for his life, Y.A.L. came to the United States to seek asylum. DHS confined him at the border, then transferred him to the custody of the New Orleans ICE Field Office. He passed a credible fear interview and is pursuing his asylum claim before EOIR. He was denied parole despite submitting evidence that he is neither a danger to the public, nor a flight risk, because his U.S. permanent resident wife is ready and willing to sponsor him. He is currently being detained at the Pine Prairie ICE Processing Center, in Pine Prairie, Louisiana ("Pine Prairie"). Plaintiffs' Complaint at ¶ 17.
- Plaintiff J.M.R., a conscientious objector who refused military service in Cuba, fled from Cuba and arrived in the United States in July 2018, because he feared for his life. DHS confined him at the border, then transferred him to the custody of the New Orleans ICE

[1] The descriptions of the facts underlying Plaintiffs' asylum claims in this Memorandum and in other documents filed in this case are skeletal and not a complete account of their experiences.

Field Office. He passed a credible fear interview and is pursuing his asylum claim before EOIR. He was denied parole despite submitting evidence that he is neither a danger to the public, nor a flight risk, because his U.S. citizen uncle is ready and willing to sponsor him. He is currently detained at Pine Prairie. *Id.* at ¶ 21.

- Plaintiff P.S.P., a physician, fled Cuba because government agents were demanding that he harm patients for political reasons. After he refused to carry out such procedures, Cuban authorities retaliated against him, beating and detaining him. P.S.P. arrived in the United States in October 2018. He expressed a fear of return to Cuba and a desire to seek asylum in the United States. DHS confined him at the border, then transferred him to the custody of the New Orleans ICE Field Office. He passed a credible fear interview and is pursuing his asylum claim before EOIR. He was denied parole despite submitting evidence that he is neither a danger to the public, nor a flight risk, because his U.S. citizen sister is ready and willing to sponsor him. He is currently detained at Pine Prairie. *Id.* at ¶ 16.
- Plaintiff R.O.P., a physician, fled Cuba after authorities demanded that he harm patients for political reasons. He arrived in Laredo, Texas, in July 2018. There, he expressed a fear of return to Cuba and a desire to seek asylum in the United States. DHS confined him at the border, then transferred him to the custody of the New Orleans ICE Field Office. He passed a credible fear interview and is pursuing his asylum claim before EOIR. He was denied parole despite submitting evidence that he is neither a danger to the public, nor a flight risk, because his U.S. citizen fiancée is ready and willing to sponsor him. He is currently detained at Pine Prairie. *Id.* at ¶ 22.
- Plaintiff M.R.M.H. fled Honduras because a Transnational Criminal Organization tortured him, breaking his foot and jaw, and threatened him with death. On December 2018, he

arrived in San Ysidro, California. There, he expressed a fear of returning to Honduras and his desire to seek asylum in the United States. DHS confined him at the border, then transferred him to the custody of the New Orleans ICE Field Office. He passed a credible fear interview and is pursuing his asylum claim before EOIR. He was denied parole five times, despite submitting evidence of his identity, that he does not pose a danger to the public, and that he does not pose a flight risk, because a U.S. citizen is willing and able to sponsor him. He is currently detained at LaSalle Correctional Facility. *Id.* at ¶ 15.

- Plaintiff F.J.B.H. fled Honduras with his girlfriend and her son due to persecution by gang members affiliated with the ruling political party. They traveled with the migrant caravan and arrived in San Ysidro, California, on December 2018. There, F.J.B.H. and his girlfriend expressed a fear of return to Honduras and their desire to seek asylum in the United States. DHS separated him from his family, confined him at the border, then transferred him to the custody of the New Orleans ICE Field Office. He passed a credible fear interview and is pursuing his asylum claim before EOIR. He was denied parole despite submitting evidence of his identity, that he is not a danger to the public, and that he is not a flight risk, because his U.S. citizen aunt and uncle are ready and willing to sponsor him. He is currently detained at River Correctional Facility. *Id.* at ¶ 23.

## **ARGUMENT**

### **A. Legal Standard.**

For a plaintiff to proceed anonymously, "the need for anonymity" should "outweigh[] the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005) (internal quotation marks and citation omitted). The burden on Plaintiffs is not a heavy one at the time of filing—

Plaintiffs need only make a "colorable argument in support of the request" that is "not frivolous." *Id.* at 10. A trial court abuses its discretion when it fails to consider thoroughly "that in some cases the general presumption of open trials—including identification of parties and witnesses by their real names—should yield in deference to sufficiently pressing needs for party or witness anonymity." *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993); *see also R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 172 (D.D.C. 2015); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189- 90 (2d Cir. 2008); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684-87 (11th Cir. 2001); *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000).

In keeping with these principles, this Court and the D.C. Circuit have routinely permitted parties to proceed anonymously when circumstances justify such anonymity. *See, e.g.*, *Doe v. Stephens*, 851 F.2d 1457, 1459 n.2 (D.C. Cir. 1988); *Doe v. U.S. Dep't of Justice*, 660 F. Supp. 2d 31, 40 (D.D.C. 2009); *Doe v. MAMSI Life & Health Ins. Co.*, 471 F. Supp. 2d 139, 140 (D.D.C. 2007); *Doe v. Rumsfeld*, 341 F. Supp. 2d 1 (D.D.C. 2004); *Doe v. Islamic Salvation Front*, 257 F. Supp. 2d 115, 117 (D.D.C. 2003).

**B. This Court Should Grant the Requested Relief.**

The nature of the harm faced by Anonymous Plaintiffs demonstrates that their need for confidentiality outweighs the public's interest in knowing their identities. *See Qualls*, 228 F.R.D. at 11. Anonymous Plaintiffs fled their countries of origin because they were persecuted or feared that they would be persecuted if they remained. As asylum seekers fleeing persecution, Anonymous Plaintiffs fall within a particularly vulnerable class of migrants for whom confidentiality about the nature and existence of their claims is particularly important, as their "identification [would] create[] a risk of retaliatory physical or mental harm." *Qualls*, 228

F.R.D. at 10-11 (internal quotation marks and citation omitted); *see also* United Nations High Commissioner for Refugees, *Advisory opinion on the rules of confidentiality regarding asylum information* ("UNHCR Advisory Opinion") (Mar. 31, 2005) at 2-3, *http://www.refworld.org/docid/42b9190e4.html* ("[P]rivacy and its confidentiality requirements are especially important for an asylum-seeker, whose claim inherently supposes a fear of persecution by the authorities of the country of origin and whose situation can be jeopardized if protection of information is not ensured.").

The federal government itself recognizes that protecting the identities of asylum seekers is of critical importance. Asylum regulations provide for the confidentiality of asylum applicants and credible fear interviewees, including the fact that an applicant has applied for asylum or received a credible fear interview. *See* 8 C.F.R. §§ 208.6, 1208.6. DHS has acknowledged the importance of these regulations to the future safety of asylum applicants:

> As DHS recognizes, the confidentiality regulations are of utmost importance in protecting asylum applicants because the "regulations safeguard information that, if disclosed publicly, could subject the claimant to retaliatory measures by government authorities or non-state actors in the event that the claimant is repatriated, or endanger the security of the claimant's family members who may still be residing in the country of origin."

*Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008) (quoting U.S. Citizenship and Immigration Serv. Asylum Div., U.S. Dep't of Homeland Sec., *Fact Sheet: Fed. Regulations Protecting the Confidentiality of Asylum Applicants* (2005)). Indeed, the disclosure of an asylum applicant's identity creates such a severe risk of persecution in her or his country of origin that a breach of confidentiality can itself serve as grounds for asylum. *See, e.g.*, *id.* at 256 (remanding asylum case to BIA so that petitioner could present new asylum claim based upon U.S. Government's breach of her confidentiality).

In recognition of the powerful interest that asylum seekers possess in maintaining their confidentiality, numerous courts have allowed them to proceed with pseudonyms or initials. *See, e.g.*, *R.I.L-R*, 80 F. Supp. 3d at 172; *N.L.A. v. Holder*, 744 F.3d 425, 428 n.1 (7th Cir. 2014); *Doe v. Holder*, 736 F.3d 871, 872 n.1 (9th Cir. 2013); *Doe v. Holder*, 651 F.3d 824, 826 (8th Cir. 2011); *Smith v. Holder*, 627 F.3d 427, 427 n.* (1st Cir. 2010); *Doe v. Immigration & Naturalization Serv., U.S. Dep't of Justice*, 867 F.2d 285, 286 n.1 (6th Cir. 1989). Moreover, "[c]ourts may be more inclined to permit pseudonymous suits by plaintiffs when the government is the defendant," *Qualls*, 228 F.R.D. at 11, a factor present in this case.

In contrast to Anonymous Plaintiffs' strong interest in confidentiality, the countervailing interests in disclosure are minimal or nonexistent. The public's interest, if any, in knowing the identities of Anonymous Plaintiffs is negligible. To be sure, the issues that Anonymous Plaintiffs raise in this lawsuit are important ones and may well be a matter of concern to the general public. However, that is not true of the identities of Anonymous Plaintiffs: "[P]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Does I Thru XXIII*, 214 F.3d at 1068-69 (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)).

Nor would granting Anonymous Plaintiffs' request create any risk of unfairness or prejudice to Defendants. As stated above, Anonymous Plaintiffs do not seek to withhold their identities from Defendants. And there is no reason to believe a fact-finder would be influenced by the fact that Anonymous Plaintiffs are proceeding anonymously. *See, e.g.*, *Sealed Plaintiff*, 537 F.3d at 190; *Does I thru XXIII*, 214 F.3d at 1068; *James*, 6 F.3d at 240-41; *see also Doe #1*

*v. Williams*, 167 F. Supp. 2d 45, 46, n.1 (D.D.C. 2001) (granting plaintiffs leave to proceed by pseudonym on condition that they disclose identity to defendants), *rev'd on other grounds*, 2003 WL 21466903 (D.C. Cir. June 19, 2003).

**CONCLUSION**

For the foregoing reasons, this Court should grant Plaintiffs Y.A.L, J.M.R., P.S.P., R.O.P., M.R.M.H., AND F.J.B.H.'s Motion to Proceed Anonymously and to File Supporting Exhibits Under Seal.

Dated: May 30, 2019

Respectfully submitted,

//s// Melissa Crow

Melissa Crow (D.C. Bar No. 453487)
Luz Virginia López*
**SOUTHERN POVERTY LAW CENTER**
1101 17th St., NW, Suite 750
Washington, DC 20036
Tel: (202) 355-4471
melissa.crow@splcenter.org
luz.lopez@splcenter.org

Mary Bauer*
**SOUTHERN POVERTY LAW CENTER**
1000 Preston Avenue
Charlottesville, VA 22903
Tel: (470) 606-9307
mary.bauer@splcenter.org

Laura Rivera*
**SOUTHERN POVERTY LAW CENTER**
150 E. Ponce de Leon Ave., Ste. 340
Decatur, GA 30030
Tel: (404) 521-6700
laura.rivera@splcenter.org

Katie Schwartzmann*
Bruce Hamilton*
**AMERICAN CIVIL LIBERTIES UNION OF LOUISIANA FOUNDATION**
P.O. Box 56157
New Orleans, LA 70156
Tel: (504) 522-0628
kschwartzmann@laaclu.org
bhamilton@laaclu.org

Attorneys for Plaintiffs
**Pro Hac Vice applications forthcoming*