# **EXHIBIT A**

**Laura Rivera**

| | |
|---|---|
| **From:** | Rose Murray <murray.rose@gmail.com> |
| **Sent:** | Thursday, November 29, 2018 3:22 PM |
| **To:** | SIFI Alexandria; Daniel Werner; Laura Rivera |
| **Subject:** | Fwd: [midsouth] *** IMPORTANT *** UPDATE FROM ICE ERO |
| **Attachments:** | 2018 11 29 ICE-AILA Liaison Meeting agenda and questions kam.pdf; New Orleans AOR Docket_AILA_October 2018.pdf |

---------- Forwarded message ---------
From: **Ana Sardi** <ana@mayeauxsardi.com>
Date: Thu, 29 Nov 2018 at 13:18
Subject: [midsouth] *** IMPORTANT *** UPDATE FROM ICE ERO
To: AILA Mid South Chapter Mailing List <midsouth@lists.aila.org>
Cc: Ken Mayeaux <ken@mayeauxsardi.com>


Dear All: I just received this important update from ERO. Enclosed you will find a FULL DOCKET LIST and answers to the questions that were posed at the AILA Liaison meeting in New Orleans. PLEASE READ OF. ACUNAS EMAIL BELOW.

Let me know if you have any additional questions.


Ana Maria Sardi, Esq.

Attorney at Law

321 St. Joseph Street

Baton Rouge, LA 70802


Main: 225-754-4477

Cell: 225-270-0010

Fax: 225-341-8755




**CONFIDENTIALITY NOTICE:**  This message is being sent by or on behalf of a lawyer.  It is intended exclusively for the individual or entity to which it is addressed.  This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure.  If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it.  If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

**From:** Acuna, Brian S <Brian.S.Acuna@ice.dhs.gov>
**Sent:** Thursday, November 29, 2018 1:14 PM
**To:** Ana Sardi <ana@mayeauxsardi.com>
**Cc:** Bowman, Tyrone A <Tyrone.A.Bowman@ice.dhs.gov>; Warren, Scott W <Scott.W.Warren@ice.dhs.gov>
**Subject:** RE: Trey Lund's role

Hello Ana, this is the update.  The answers and docket list are attached.  Please note on answer #3 we placed the websites for Bossier and Tallahatchie facility information at ICE.gov in highlighted text.  Those links can be clicked or simply go to ICE.gov and search the facility.

George Lund is our Acting Field Office Director.  Typically attorneys interact with the FOD or his representative if our groups have these meetings like on Nov. 2nd.  Individual casework such as detention and removal inquiries are dealt with through the normal process of Deportation Officer, supervisor, and as needed Assistant Field Office Director or NewOrleans.Outreach@ice.dhs.gov.

Thanks and have a great day.

Brian S. Acuna

U.S. Immigration and Customs Enforcement

Enforcement and Removal Operations

New Orleans Field Office

(504) 599-7868

(504) 520-0396 [cell]

(504) 589-2661 [fax]

Brian.S.Acuna@ice.dhs.gov

---
```
You are currently subscribed to midsouth as: [murray.rose@gmail.com]
```

To change your email address go to https://www.aila.org/myaila/account/edit

You can also unsubscribe or make changes at https://www.aila.org/MyAila/Account/Listservs

If you are on a list you have an account with AILA.
If you have never logged into aila.org the forgot password link is https://www.aila.org/MyAila/ForgotPassword
Enter the email address that the list is using for you and it will send you a password link.

Have problems? Email listservs@aila.org

**ICE ERO – AILA Liaison Meeting – November 2, 2018**
**AILA Midsouth Meeting – New Orleans**

## GENERAL QUESTIONS

1) Please give us an organizational update on the ICE staff (ERO) including the names, emails and phone numbers, in particular the deportation officers and supervisors for Memphis, Nashville, Gadsden, Birmingham, Montgomery, New Orleans, Jena and Oakdale and how the dockets are divided.  **George Lund is the Acting Field Office Director for Alabama, Arkansas, Louisiana, Mississippi and Tennessee.  The docket lists are attached.**

2) Please give us an organizational update on the ICE OCC attorneys including the names and contact information for New Orleans, Oakdale and Memphis. **OCC will cover this.**

## DETENTION FACILITIES

3) Please identify the detention centers in the New Orleans district at which ICE/ERO **is presently detaining** noncitizens on a greater than 72-hour basis.  For each facility please provide the names and contact information for the warden. **Etowah County Detention Center (Gadsden, AL); LaSalle ICE Processing Center (Jena, LA); Pine Prairie ICE Processing Center (Pine Prairie, LA); Allen Parish Public Safety Correctional Complex (Oberlin, LA); Bossier Parish Medium Security Facility (Plain Dealing, LA) Bossier Facility Info; Tallahatchie County Correctional Facility - TASC (Tutwiler, MS) Tallahatchie Facility Info.**

   a) Please also identify the person at the facility to whom our members should direct inquiries regarding problems with access to counsel or other detention issues?
   b) Please also identify the ICE/ERO deportation officer(s) assigned to each facility, and the ICE/ERO officer with supervisory authority over detention operations at each facility. **Our ERO staffing assignments are listed on the AILA docket issued to your members**

   c) Please provide number of ICE beds at Bossier and Tutwiler and explain if ICE is con term facilities and with how many ICE detainees in each long term? **Bossier Parish is a local facility.  The Tallahatchie Asylum Screening Center is a national facility.  ICE is exploring with the appropriate parties on setting up a Legal Orientation Program at the TASC.**

   d) If in these "secondary" detention locations once CFI is passed are they transferred elsewhere? Where? **We advise AILA members to work on each case individually with the assigned ERO Officers, or new field offices in the event of a transfer.**

4) How does an attorney schedule an attorney call at Alexandria Staging Facility? **Attorneys should request and coordinate calls directly with the assigned Deportation Officer and/or the respective ERO office exercising docket control over those cases.**

## DETENTION FACILITIES – CONT'D

5) Please tell us about any new detention facilities being developed or contemplated within the NOLA field office.  Is Pine Prairie expanding or Basile reopening?  **No**

6) Can attorneys now schedule attorney calls and in person visits with the facility staff at La Salle? **The facility follows the PBNDS 2011 standard for legal visits.**

## ICE DETAINERS AND HOLDS

7) Please inform members of ICE's policies and a list of contacts regarding the best practices for gathering information about detained criminal respondents with "Immigration Holds/Detainers." When the Defendant/Respondent is detained/arrested by local authorities and an Immigration HOLD is placed (sometimes immediately), is there an immigration/deportation officer in charge of that Respondent at that initial moment that will take a G-28, and what is the preferred procedure for accomplishing this? Can contact be made while the State or Federal criminal proceeding is still ongoing?  We are experiencing police and Sheriff's departments that refuse to release or bond out inmates because of an ICE detainer – who do we talk to?  **Yes.  Please contact the local office supervisor to discuss the case.**

8) Please inform members of ICE's policies regarding ICE's timetable for acquiring jurisdiction over criminal defendants/respondents subject to an Immigration Hold/Detainer once the respondent has been sentenced for a deportable crime that has NO BOND relief. What is ICE's policy regarding how much time would be allowed for the Defendant/Respondent to serve their sentence before ICE takes jurisdiction over the Defendant/Respondent? What is ICE's policy regarding criminal defendants/respondents subject to an Immigration Hold/Detainer that have pleaded guilty to a deportable crime with no Bond relief, and who do not wish to fight the case in Immigration court and instead would prefer to just be "Deported"?  **There is no timing policy for local or state jurisdictions when ICE screens individuals under CAP.  ICE staff monitoring federal and Louisiana Department of Corrections under CAP may also process individuals through the Institutional Removal Program.**

## PROSECUTORIAL DISCRETION AND JOINT TERMINATION

**OCC spoke on Saturday, November 3, 2018, and answered these**

9) Overall, what is the preferred procedure to request that OCC agree to re-calendar and/or jointly terminate where the respondent has relief (i.e. AOS and/or I-601A/CP, etc.)?

10) More specifically, when will ICE exercise PD to jointly terminate proceedings to allow individuals to apply for a 601A waiver? Can they implement guidelines to assist us?

11) For respondents seeking PD, where an NTA has not been filed with the Immigration Court, will ICE/OCC what is the procedure to request that the NTA be cancelled?

12) What is the preferred procedure for escalating PD denials? Can you please provide a chart or list of people with whom to follow-up with in such circumstances?

## ISAP AND SUPERVISION POLICIES AND ISSUES

13) What criteria are used to determine whether to arrest someone at a check-in?  We have been told by Deportation Officers one factor in an arrest was that the field office now had detention space for our client – is this appropriate?  **ICE Officers have the discretion to arrest an individual on recognizance or supervision.**

14) What are ICE's responsibilities to the children whose parents they arrest if the children are present at a check-in? **If an AILA member has a specific problem with a case, they should speak to the local office supervisor.**

15) Who makes the decision to arrest? **ICE Officers have the discretion to arrest an individual on recognizance or supervision.**

16) What criteria are used to determine who goes to ISAP? **ICE Officers use the Alternatives to Detention program based on national policy.**

17) What is the policy on release of pregnant women? The December 2017 ICE Directive 11032.3: Identification and Monitoring of Pregnant Detainees does not mention any provisions for release. **ICE Officers have the discretion to release an individual on recognizance or supervision when medically necessary.  The ICE policy on care of pregnant detainees is located here:** https://www.ice.gov/directive-identification-and-monitoring-pregnant-detainees

## STAYS OF REMOVAL AND ENFORCEMENT OF FINAL ORDERS

18) How do pending applications for benefits factor into decisions whether or not to approve a stay? I'm confident that it's "case-by-case", but I imagine that there are also specific guidelines. **There is no set policy for adjudicating stays.**

19) More generally, what factors go into deciding whether to deny or approve a stay? **ICE does take all equities into account.**

20) If someone receives an order of removal from immigration court, at what point will ICE begin enforcement? Will they wait until the 90-day deadline to file a motion to reopen the case? Or is it when the removal order becomes final? **ICE works on the arrangements when the order of removal is administratively final.**

21) What is the procedure for requesting a GPS bracelet be removed? **The Deportation Officer or the local office supervisor can review on a case-by-case basis, if requested.**

22) What factors are used in determining whether to place someone on an ankle bracelet as well as when to remove the ankle bracelet? **We would refer AILA members to November 2017's response on this topic.**

23) What is the procedure for changing reporting locations for persons on OSUP? **Please advise clients to review instructions on Form I-220B.**

24) What is the procedure for requesting a credible or reasonable fear interview? **Speak to the Deportation Officer.**

25) Why isn't ICE issuing bonds and all cases are being sent to the Immigration Judges? **ICE Officers have the discretion to set a bond or release an individual on recognizance or supervision after processing, in appropriate cases.**

26) Is the 2009 Parole Memo still in effect? If so, what percentages of parole requests are granted by the NOLA Field Office? We have problems contacting the Deportation Officer for these – what can we do? **Technically no, by Executive Order.  However, there is an injunction in certain field offices outside the New Orleans AOR.  We do not have statistics to give out.  If you cannot contact the Deportation Officer, please speak with the supervisor or NewOrleans.Outreach@ice.dhs.gov to pass on your parole request.**

27) Is the 2011 Prosecutorial Discretion: Certain Victims, Witnesses, and Plaintiffs memo still in effect? **No, by Executive Order.**

28) Could you please provide us a list of intransigent countries that are not issuing your Field Office travel documents? **We do not have information to give out because the field does not work on that aspect of ICE operations.**

**\*\*\*\*\*Other questions from the audience or matters ICE officials wish to bring to AILA members' attention\*\*\*\*\***

29) If an attorney is planning on filing a stay of removal is it enough to call, fax or email a copy of the stay that will be filed to stop a pending removal? **If this references a stay of removal at the EOIR or the BIA, no.  Only a properly filed motion to reopen with an automatic stay under the law, or a stay motion granted by the court or BIA would be appropriate to halt a removal.**

30) On behalf of Catholic Charities would ICE consider reinstating the pilot program for Cuban Nationals in the Baton Rouge area?  Can you please clarify ICE's removal policies on Cuban Nationals? **We understand that the Referrals for Community Supported Release Program was a one (1) year pilot program.  This was a national program, we would encourage your main Catholic Charities headquarters to speak to ICE headquarters. We would advise AILA members to research current federal regulations and international agreements with respect to the reestablishment of diplomatic relations with Cuba.**

31) We are experiencing problems with clients who are reporting to ICE for a number of years and despite that receive an in-absentia removal order – what can we do about that? **We request address change information from individuals who report to our offices at each appointment.  When a Notice to Appear is filed with the court, and when ICE becomes aware of a change, ICE serves Form I-830 on the court. Respondents who are already in proceedings are responsible for likewise filing Form EOIR-33 with the court.  If AILA members begin representation of a client and they are not sure where the court would address the hearing notices, we encourage contact with the Deportation Officer and if needed the Office of the Chief Counsel.**