# EXHIBIT

# 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ángel Alejandro Heredia Mons et al.　　　　） | |
| 　　　　　　　　　　　　　　　　　　） | |
| 　　　　　*Plaintiffs,*　　　　　　　） | |
| 　　　　　v.　　　　　　　　　　　） | **Civ. No.: 1:19-cv-01593** |
| 　　　　　　　　　　　　　　　　　　） | |
| Kevin K. McALEENAN et al.　　　　） | |
| 　　　　　　　　　　　　　　　　　　） | |
| 　　　　　*Defendants/Respondents.*　） | |
| 　　　　　　　　　　　　　　　　　　） | |

### DECLARATION OF ÁNGEL ALEJANDRO HEREDIA MONS

I, Ángel Alejandro Heredia Mons, declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1.　　　　I was born in 1989 in Havana, Cuba.

2.　　　　I am a native Spanish speaker. I speak limited English.

3.　　　　I have been in immigration detention and separated from my wife and family since July 12, 2018—more than eleven months—while seeking asylum.

4.　　　　I am currently detained by U.S. Immigration and Customs Enforcement ("ICE") at Etowah Correctional Center in Gadsden, AL.

5.　　　　From a young age, I have refused to participate in political organizations and activities as mandated by the Cuban government. For that, I have suffered repression and repudiation, to the point that my wife Y.A.E. and I had no choice but to flee the country.

6.　　　　I have refused to join political organizations like the Union of Young Communists and the Committees for the Defense of the Revolution ("CDR"). I avoided all marches and political events, abstained from voting, and refused to pledge my loyalty to Cuba dictator Fidel Castro.

7.      In my late teens, I was conscripted into the military. However, because of my political opinions, the government had deemed me untrustworthy, so I was not allowed to bear arms. About a month in, during an exercise, we were told to chant "¡viva Fidel!" which means long live Fidel in Spanish. I refused to do it so Cuban officials punished me. For twenty-hour hours, they confined me in a hole in the ground so small that I could not lay down. They poured cold water on me, and forced me to urinate and defecate without facilities. Then I was transferred out of the military unit, and completed my mandatory service within the public health unit.

8.      Because of my dissent, I was pushed out of a prestigious university in Cuba. I managed to finish my education as a civil engineer, but then I was ostracized from work on public projects, limiting my prospects.

9.      My wife shares my views, and she, too, has suffered for her resistance to the Cuban regime. In March 2016, a local police chief assaulted her after learning she was not participating in the CDR's activities. He also threatened to jail her and make her disappear.

10.      Seeking relief from the regime's surveillance and repression, my family, including my wife and I, relocated from central Havana to an outer borough in June 2017. But in time, Cuban officials tracked us down.

11.      In December 2017, Cuban police sent me two citations to appear at a local station. When I appeared, I was locked in a room for hours. That same month, police confiscated my belongings, including my laptop, cell phone, and a hard drive, and told me I was under investigation. Then, on December 24, 2017, an off-duty police officer beat me on a bus when he overheard me criticizing the Cuban government. Though he was the aggressor, I was charged with disorderly conduct. This is the only criminal charge I have ever faced, and it was clearly politically motivated.

12.     Cuba held elections for national legislators in March 2018, and I refused to vote. After that, a local CDR president stopped me on the street as I walked towards my grandmother's house. He accused me of being a traitor and said he would report me to the police.

13.     Fearing for our lives, my wife and I fled Cuba on July 8, 2018 by airplane to Mexico. On July 11, 2018, my wife and I reached an official U.S. port of entry in Laredo, Texas. The next day, we presented ourselves to U.S. immigration officials there and asked for asylum. We were separated and detained.

14.     I spent a couple of weeks detained in Texas. Then I was put on a bus to Tutwiler, MS, where I would spend three weeks inside the Tallahatchie County Correctional Facility. An asylum officer interviewed me by phone while I was there in early August 2018. The call quality was terrible. I could not understand half of what the officer said. It is no wonder I got a negative credible fear result.

15.     My wife was taken to a jail in Texas, and she had her credible fear interview on August 9, 2018. She passed it, and asked to join my case with hers.

16.     She asked for parole with help from my U.S. citizen uncle, Jose Manuel Mons, who served as her sponsor. He sent ICE supporting documents. ICE granted her parole in late August 2018. Once they released her from detention, she moved in with my uncle in Florida.

17.     I was transferred to Bossier Medium Security Facility in Plain Dealing, LA on August 17, 2018. A little while after that, my uncle told me he had gotten paperwork in the mail saying I had a positive credible fear. So, he gathered the documents he had sent to ICE for Y.A.E.'s parole and prepared a letter pledging to sponsor me. On September 6, 2018, he sent these documents to ICE in Louisiana by mail and fax.

18.     Two days later, on September 8, 2018, an ICE officer at Bossier gave me a Parole Advisal and Scheduling Notification. The form was English, and although the officer gave me a brief explanation in Spanish, I did not understand all the information on the document. One of the things I did not understand was the significance of the dates written on it. Later, I realized the advisal set a due date of September 4, 2018 to submit documents in support of parole. My uncle had missed the deadline by two days. I was dismayed when I learned about the due date and my uncle missing it! It was so unfair for ICE to expect us to meet a due date before they had even told us what it was. It gave me no real chance to submit my documents on time.

19.     The advisal had another date that had already passed. It said I was supposed to have a parole interview on August 28, 2018, which did not happen. And the notification, which I received on September 8, 2018, was the first time I ever heard about a parole interview. It's strange that I would get notification of an event almost two weeks after the date passed. I have not gotten a parole interview since then, either.

20.     I was denied parole. I learned it from my uncle, who told me he got a parole denial letter in the mail, in English, dated September 10, 2018. ICE never gave me a copy of the letter or told me directly that I had been denied parole. Later, my family gave me a copy of the letter. The denial reasons made no sense to me. How had I had not shown that I would appear for hearings when I had a U.S. citizen uncle taking responsibility for that? The exceptional, overriding factor made no sense, either. I was "an enforcement priority." How is that, when I followed the rules by presenting myself at a port of entry? Why had the evidence for parole been good enough for Y.A.E., but not for me?

21.     Initially, I assumed that if only I submitted additional documents, I would receive real consideration on my parole application. So, I asked my family to send ICE more proof. My

uncle then sent ICE in Louisiana my birth certificate; financial documents; and a letter from my wife's attorney saying she would represent me in my asylum hearing if ICE released me.

22.     These additional documents made no difference. Once again, ICE denied me. This time, I got a letter in detention, in English, dated September 24, 2018. A friend who speaks English called ICE, and an officer confirmed to her that I had been denied parole.

23.     On December 26, 2018, I had my asylum hearing via VTC before Immigration Judge Crooks of the LaSalle Immigration Court. I represented myself. I was denied asylum. I appealed the decision with help from an attorney, and am awaiting a decision from the BIA.

24.     Recently, I was transferred to LaSalle ICE Processing Center in Jena, LA, then Etowah. I have been confined against my will for more than eleven months. All that time, I have been separated from my wife. We have been married since 2013. We have weathered many storms together in Cuba as we both struggled to uphold our values in the face of oppression by the dictatorship. I feel anguish thinking of the stress my detention causes her.

25.     My detention is costing my family a lot of money. They pay for all my phone calls to them, and for the few things I can buy from the commissary. I cannot work inside detention, so my wife cannot count on me for financial support. I feel stressed about that, especially knowing that she has to carry the burden of both our legal bills.

26.     Here in Etowah, we get no recreation time outdoors. The recreation area is indoors. Think about what that is like, being inside all the time. Being shut in is not good for my health.

27.     The worst part of being detained is not knowing how long I'll be inside and having no control over whether I am deported. Still, I will continue to follow all the rules, because it is my only hope.

28.     This declaration was interpreted to me in Spanish and I agree with its contents.

29. Attached as Exhibit A is a true and correct copy of my wife, Yanet Aguila Escarra's, Notice to Appear.

30. Attached as Exhibit B is a true and correct copy of my Parole Advisal and Scheduling Notification.

31. Attached as Exhibit C is a true and correct copy of my parole denial dated September 10, 2018.

32. Attached as Exhibit D is a true and correct copy of my parole denial dated September 24, 2018.

33. Attached as Exhibit E is a true and correct copy of my wife, Yanet Aguila Escarra's, letter granting her parole.

34. Attached as Exhibit F is a true and correct copy of my wife, Yanet Aguila Escarra's, request to join our asylum cases.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May ___28___, 2019 in Pine Prairie, Louisiana.

_____
Ángel Alejandro Heredia Mons

### CERTIFICATE OF TRANSLATION

I, Laura Rivera, affirm that I am competent to translate from English to Spanish; that I read the preceding declaration to the declarant in Spanish; and that she indicated that she understood the contents thereof before signing.

May ___28___, 2019,

_____
Laura Rivera

1

# **EXHIBIT A**

## DEPARTMENT OF HOMELAND SECURITY

## NOTICE TO APPEAR

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

File No: A ███████████ —

In the Matter of:

Respondent:  AGUILA ESCARRA, Yanet                    currently residing at:

In ICE Custody at T. Don Hutto Residential Center, 1001 Welch Street, Taylor, TX 76574
(Number, street, city and ZIP code)                    (Area code and phone number)

☒  You are an arriving alien.

☐  You are an alien present in the United States who has not been admitted or paroled. You are an applicant for admission.

☐  You have been admitted to the United States, but are removable for the reasons stated below. The Department of Homeland Security alleges that you:

1) You are not a citizen or national of the United States;
2) You are a native of Cuba and citizen of Cuba;
3) You applied for admission into the United States at the Laredo, TX Port of Entry on 07/11/2018;
4) You did not then possess or present a valid immigrant visa, reentry permit, border crossing identification card, or other valid entry document;

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

☒ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:     ☐ 8CFR 208.30     ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

SNA Immigration Court, 800 Dolorosa St, Ste. 300, San Antonio, TX 78207
(Complete Address of Immigration Court, including Room Number, if any)

On   To Be Determined   at   To Be Determined   to show why you should not be removed from the United States based on the
(Date)                    (Time)
charge(s) set forth above.                                          BD Hemming

_____          Supervisory Asylum Officer
(Signature and Title of Issuing Officer)

Date:  3/22/18 _____   _____
(City and State)

DHS Form I-862 (5/17)          **See reverse for important information**                    Page 1 of 2

**Notice to Respondent**

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing**: At the time of your hearing, you should bring with you any affidavits or other documents, which you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or removable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of departure voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the DHS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this preceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the DHS. Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to one of the offices listed in 8 CFR 241.16(a). Specific addresses on locations for surrender can be obtained from your local DHS office or over the internet at http://www.ice.gov/about/dro/contact.htm. You must surrender within 30 days from the date the order becomes administratively final, unless you obtain an order from a Federal court, immigration court, or the Board of Immigration Appeals staying execution of the removal order. Immigration regulations at 8 CFR 241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Act.

**Request for Prompt Hearing**

To expedite a determination in my case, I request an immediate hearing. I waive my right to a 10-day period prior to appearing before an immigration judge.

_____
*(Signature of Respondent)*

Before: _____

Date: _____

_____
*(Signature and Title of Immigration Officer)*

**Certificate of Service**

This Notice To Appear was served on the respondent by me on ___08/23/2018___, in the following manner and in compliance with section 239(a)(1)(F) of the Act.

[✓] in person            [ ] by certified mail, returned receipt requested            [ ] by regular mail

[✓] Attached is a credible fear worksheet.

[✓] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the ____Spanish____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

(X) _____
*(Signature of Respondent if Personally Served)*

C.R.Marshall _____ Deportation Officer
*(Signature and Title of officer)*

Form I-862 Page 2 (Rev. 08/01/07)

# EXHIBIT B

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## PAROLE ADVISAL AND SCHEDULING NOTIFICATION

| | |
|---|---|
| Alien's Claimed Name(s) (including AKAs) | HEREDIA-Mons, Angel |
| | A#(s) ████████ |
| Detention Facility Name and Location | Bossier Parish Correctional Center |
| Field Office | New Orleans / Oakdale, LA |

### NOTICE TO THE ALIEN

Because you have been determined to have a "credible fear" of persecution or torture, U.S. Immigration and Customs Enforcement (ICE) will consider whether to parole you from custody pending the resolution of your immigration proceedings. As an Asylum Officer may have already explained to you, ICE may grant you parole if you can establish to ICE's satisfaction: (1) your identity; (2) that you are likely to appear for all scheduled hearings and enforcement appointments (including for removal from the United States if you are ordered removed); and (3) that you do not present a security risk to the United States or a danger to the community.

### 1) Documents that *May* Prove Identity

- **Passport**
  o Your *original*, valid passport *OR*
  o Copy of your passport AND one or more of the other identity documents listed here
- **National ID Card**
  o Your *original*, valid national ID card *OR*
  o Copy of your national ID card AND one or more of the other identity documents listed here
- **Birth Certificate**
  o Your *original* birth certificate AND one or more of the other identity documents listed here
  o Copy of your birth certificate AND one or more of the other identity documents listed here
- **Affidavit (Letter) from a Person Who Can Confirm Your Identity**
  o *Must* include your full name, your nine-digit A-number, and your country of origin
  o *Must* be signed by a lawful permanent resident (green card holder) or citizen of the United States of America and include a copy of the person's passport or green card
  o *Must* include the person's full name and her/his address and phone number(s)
  o *Must* state how and for how long he or she has known you

### 2) Documents that *May* Prove that You are Not a Flight Risk

- **Affidavit (Letter) from a Person or Community Organization Who Will Support You**
  o *Must* include your full name, your date of birth, your nine-digit A-number, and your country of origin
  o *Must* include the person's/organization's full name and her/his address and phone number(s)
  o *Must* be signed by a lawful permanent resident (green card holder) or citizen of the United States of America and include a copy of the person's passport or green card
  o *Must* state that you will reside at the address listed and that the person/organization is willing to support you – for example, provide you housing and food – while you are in immigration proceedings
  o *Must* include a copy of a utility or telephone bill, with the person's/organization's name and current address matching the address of residence included in the affidavit
  o *Can* include details of any other ties that you have to where you will live (family, friends, etc.)
- **In addition to the Affidavit of Sponsorship, you may also submit**
  o Letters from others in the community where you will live, showing their support. Note: *must* include the writer's name, address, contact information, and immigration status.
  o Documentation of any legal, medical or social services you will receive upon release

**3) Documents that _May_ Prove that Your are Not a Danger to the Community**
- Evidence of acquittal or dismissal of any criminal charges
- Certificates for rehabilitation classes or evidence of other positive accomplishments (completion of a degree or training, long-term employment, volunteer activities, activities with your place of worship)
- **Affidavit attesting to your rehabilitation**
  - o _Must_ include your full name, your date of birth, your nine-digit A-number, and your country of origin
  - o _Must_ be signed by a lawful permanent resident (green card holder) or citizen of the United States of America and include a copy of her/his passport or green card
  - o _Must_ include the person's full name and her/his address and phone number(s)
  - o _Must_ state how and for how long he or she has known you
  - o _Must_ explain why she/he believes that you have been rehabilitated

If you would like ICE to consider any documents as part of its assessment whether to parole you from detention, you must provide those documents as soon as possible to allow ICE sufficient time to review the documents thoroughly before your interview. You may also request additional time to obtain documents for ICE's consideration, but should make that request as soon as possible.

ICE has scheduled you for an interview to assess whether you meet these qualifications. That interview will take place at the time and place indicated below.

Your parole interview has been scheduled with an ICE officer at the following date and time:

<u>08/28/2018</u> @ <u>10:30 am</u>
(Month, Day, Year)          (Time – Indicate "a.m." or "p.m.")

Please provide any paperwork you would like considered (or any request for additional time to gather paperwork) no later than

<u>09/04/2018</u> , to:
(Month, Day, Year)

<u>Steven C. Durio</u>                   <u>1010 E. Whatley Road, Oakdale, LA 71463</u>
Officer Name                            Address/City/State/Zip

<u>+1 (318) 335-7500</u>              <u>+1 (318) 335-0755</u>
Office Telephone Number            Fax

_(ICE Detention and Removal Operations Field Office Personnel: Indicate Manner in Which Alien Should Provide Documentation)_

Following your interview, you will be notified in writing of ICE's decision, usually within 7 days. If your request is denied, you will receive a written explanation of the denial.

**PROOF OF SERVICE**

Asylum Seeker's Signature: _____

Date: <u>9/8/18</u>

ICE Officer's Name: <u>Micah</u> _____

Language Used: <u>Danish</u>          Interpreter Number (if applicable): _____

ICE Form 71-012 (7/12)                                                                    Page 2 of 2

# **EXHIBIT C**

Office of Detention and Removal Operations

**U.S. Department of Homeland Security**
1010 East Whatley Road; Oakdale, LA

**U.S. Immigration
and Customs
Enforcement**

September 10, 2018

HEREDIA-Mons, Angel Alejandro
2984 Old Plain Dealing Road
Plain Dealing, LA 71064
In Reference to:  A # ███████
Dear Sir:

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) has decided not to parole you from detention at this time.  Under ICE policy, arriving aliens determined by an Asylum Officer to have a credible fear of persecution or torture are initially considered for parole. While the decision whether to grant parole is discretionary, ICE policy is generally to grant parole to aliens determined to have a credible fear if they establish their identity and that they pose neither a flight risk nor danger to the community.

As part of its determination whether to parole such aliens, ICE conducts an initial interview and reviews their immigration files and any supplemental documentation provided.  If ICE receives a written request for redetermination of a prior decision not to grant parole, ICE may elect to re-interview the alien or make a new decision based on documentary information, including any new information provided.

Based on a review of all available information, ICE has determined that parole is not appropriate in your case at this time.  This determination is based on the following reason(s):

☐    You have not established your identity to the satisfaction of ICE.

x    You have not established to ICE's satisfaction that you will appear as required for immigration hearings, enforcement appointments, or other matters, if you are paroled from detention.

You have not established to ICE's satisfaction you would not pose a danger to the community or U.S. security, if you are paroled from detention.

X    Additional exceptional, overriding factors (e.g., law enforcement interests or potential foreign policy consequences) in your case militate against parole, as follows:



* Non Profit Organization
** Referral Service
*** Private Attorney

**List of Pro Bono Legal Service Providers**
http://www.justice.gov/eoir/list-pro-bono-legal-service-providers

**Oakdale Immigration Court**

You are an enforcement priority.

☐ ICE previously provided you with a written decision declining to grant parole, and you have failed to provide additional documentation or to demonstrate any significant changed circumstances which would change ICE's previous determination.

You may request a redetermination of this decision in writing, based upon changed circumstances in your case or additional documentation you would like ICE to consider. Such changed circumstances or documentation should relate to the reason(s) ICE is not paroling you from custody at this time. For example, if you have not established your identity to ICE's satisfaction, you may wish to consider providing government-issued documents such as passports, birth certificates, or identity cards. Identity can also be established through written statements prepared by individuals whom you know in the United States and whose identity we can verify.

If you request redetermination of this decision, please direct your written request to the address above, include a copy of this letter and any other prior ICE written decision(s) not to grant you parole, and clearly explain what changed circumstances or additional documents you would like considered. Requests for redetermination which are not clearly explained will be returned without action.

Sincerely,

David D. Rivera
Field Office Director
New Orleans Field Office

# **EXHIBIT D**

*Office of Enforcement and Removal Operations.*

**U.S. Department of Homeland Security**
1010 E Whatley Rd
Oakdale, LA 71463



U.S. Immigration
and Customs
Enforcement

September 24, 2018

HEREDIA-Mons, Angel Alejandro
2984 Old Plain Dealing Road
Plain Dealing, LA 71064
In Reference to A██████████

## NOTIFICATION DECLINING TO GRANT PAROLE

Dear:

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) has decided not to parole you from detention at this time. Under ICE policy, arriving aliens determined by an Asylum Officer to have a credible fear of persecution or torture are initially considered for parole. While the decision whether to grant parole is discretionary, ICE policy is generally to grant parole to aliens determined to have a credible fear if they establish their identity and that they pose neither a flight risk nor danger to the community.

As part of its determination whether to parole you, on August 28, 2018, ICE conducted an initial interview with you. Your immigration files and any supplemental documentation that you provided were reviewed at that time. After reviewing all available information, ICE has determined that parole is not appropriate in your case at this time based on the following reason(s):

☐ You have not established your identity to the satisfaction of ICE.
    ☐ You did not present valid, government-issued documentation of identity, or any documents you submitted did not, to ICE's satisfaction, establish your identity.
    ☐ You did not provide third-party verification of your identity, or any third-party information you provided did not, to ICE's satisfaction, establish your identity.
    ☐ You did not, to ICE's satisfaction, establish your identity through credible statements.

☒ You have not established to ICE's satisfaction that you are not a flight risk.
    ☐ You failed to provide, to ICE's satisfaction, a valid U.S. address where you will reside while your immigration case is pending.
    ☐ You did not establish, to ICE's satisfaction, substantial ties to the community.
    ☒ Imposition of a bond or other conditions of parole would not ensure, to ICE's satisfaction, your appearance at required immigration hearings pending the outcome of your case.

☐ You have not established to ICE's satisfaction that you are not a danger to the community or U.S. security. In making this determination, ICE has taken into account any evidence of past criminal activity, activity contrary to U.S. national security interests, activity giving rise to concerns of public safety or danger to the community, disciplinary infractions or incidents, or other criminal or detention history that shows you have harmed or would likely harm yourself or others.

☐ Additional exceptional, overriding factors (e.g., law enforcement interests or potential foreign policy consequences) in your case militate against parole, as follows:

_____

_____

☒ ICE previously provided you with a written decision declining to grant parole, and you have failed to provide additional documentation or to demonstrate any significant changed circumstances which would alter ICE's previous determination.

You may request a redetermination of this decision in writing, based upon changed circumstances in your case or additional documentation you would like ICE to consider. Such changed circumstances or documentation should relate to the reason(s) indicated above why ICE is not paroling you from custody at this time. For example, if you have not established your identity to ICE's satisfaction, you may wish to consider providing previously unfurnished government-issued documents such as passports, birth certificates, or identity cards. Identity can also be established through written statements prepared by individuals whom you know in the United States and whose identity ICE can verify to its satisfaction. These statements should include the address of the person you know in the United States and evidence of his or her identity. Finally, if there are multiple grounds checked above, you should try to provide further evidence addressing each of them.

If you request redetermination of this decision, please direct your written request to the address above, include a copy of this letter and any other prior ICE written decision(s) declining to grant you parole, and clearly explain what changed circumstances or additional documents you would like considered. Failure to provide satisfactory documentation and explanation may result in a denial of your request for redetermination.

Sincerely,

*David D. Rivera*
*Field Office Director*
*New Orleans Field Office*

# **EXHIBIT E**



Office of Enforcement and Removal Operations

U.S. Department of Homeland Security
1001 Welch Street
Taylor, Texas 76574

AUG 2 4 2018

**U.S. Immigration and Customs Enforcement**

Aguila Escarra, Yanet
A#████████
C/O: T. Don Hutto Residential Center
1001 Welch Street
Taylor, Texas 76574

Re: Parole Approval

Ms. Aguila Escarra:

Reference is made to your eligibility for release on parole reviewed by U.S. Immigration and Customs Enforcement (ICE) in accordance with ICE Policy Directive 11002.1.

This letter is to inform you that ICE has decided to parole you from detention at this time. Under ICE policy, you are an arriving alien determined by an Asylum Officer to have a credible fear of persecution or torture. You have established your identity and you pose neither a flight risk nor a danger to the community.

I have carefully reviewed your case and all relevant documentation, to include your administrative file and evidence provided. Your supporting documentation was given full consideration and based on the documentation and evidence reviewed; ICE has determined that you are eligible for parole. This release is not to be considered a grant of any benefit to remain in the United States. It will be your responsibility to ensure that you attend all future hearings and if required, present yourself for removal if so ordered.

Sincerely,

Roy R. Armendariz
(A)Assistant Field Office Director

# **EXHIBIT F**



U.S. Department of Homeland Security
P. O. Box 670626
Houston, TX  77267

**U.S. Citizenship
and Immigration
Services**

---

## MEMO TO FILE

**DATE:** August 9, 2018

**MEMO FOR:** A-File# ███████
**NAME:** Yanet Aguila Escarra
**FROM:** AO Leckliter, 799

Applicant A # ███████ Yanet Aguila Escarra received a positive credible fear determination on August 9, 2018. She requests to join her case with her husband, HEREDIA MONS, ANGEL, A# ███████, who entered with her at Laredo, Texas on July 11, 2018.
Applicant received a positive CF determination on 08/09/2018 according to Global.

---

For Official Use Only // Law-Enforcement Sensitive