**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Heredia Mons, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 19-cv-1593 (JEB) |
| v. | ) | |
| | ) | |
| Kevin K. McAleenan, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's order dated September 18, 2019, the parties, by and through

undersigned counsel, report to the Court regarding the proposed class notice and its

dissemination.  In addition, as discussed at the September 18, 2019 status conference, the parties

also identify the individual named plaintiffs who they agree should be dismissed as parties to the

case on mootness grounds.

1.   The parties have agreed on the content of the proposed class notice and have attached

the agreed-upon proposed notice as an exhibit to this status report.  The Plaintiffs have agreed to

provide a Spanish-language translation of the notice, and the Defendants agree to concurrently

and in the same manner disseminate the notice and the agreed-upon translation .  The only

remaining issue with respect to the notice concerns the inclusion of contact information for

Plaintiffs' counsel as reflected by the placeholder at the bottom of the notice.  Plaintiffs are

proposing including a hot-line number as their contact information, and, in that regard, have

requested that Immigration and Customs Enforcement ("ICE") agree to certain protocols to

govern the use of that number by detainees.

Plaintiffs assert that these protocols are essential to ensuring that the hot-line serve as a

tool to disseminate information about the Court's Order and the parole process to detainees in

facilities comprising the New Orleans ICE Field Office.  These protocols include: 1) ensuring

that detention facilities do not assess detainees  a fee to call the hot-line number; 2) guaranteeing

that calls to the hot-line are confidential and not monitored by detention facility staff; and 3)

allowing callers to the hot-line the ability to listen to a pre-recorded message and leave

voicemails.

   As ICE only recently received these proposed protocols from Plaintiffs' counsel, it

requires additional time to consider the issue.  Accordingly, the parties require time to discuss

the contact information to include at the end of the notice to see whether they can reach

agreement as to that aspect of the notice.

   2. The parties have not reached agreement with respect to the dissemination of the

notice and state their respective positions below.

      a. Plaintiffs' position: Plaintiffs agree with Defendants that the notice and its

       translation should be posted at each detention facility within the New Orleans

       Field Office in an area where other announcements are posted for detainees at

       each of these facilities.  In order to ensure full compliance with this Court's

       Order, Plaintiffs further propose that ICE provide a copy of the notice and its

       translation to all  class members detained in facilities comprising the New

       Orleans ICE Field Office, and include copies of the notice and its translation

       in the packet that all class members receive when they are first processed by

       facilities comprising the New Orleans Field Office.

      b. Defendants' position:  Defendants propose that the notice be disseminated by

       posting the notice (and its translation) at each detention facility within the

       New Orleans Field Office in an area where other announcements are posted

for detainees at each of those facilities.  In addition, as reflected on the

proposed class notice, plaintiffs' counsel will be afforded the opportunity to

provide information sessions in accordance with the Performance-Based

National Detention Standards at selected detention facilities, at which time

plaintiffs' counsel can provide copies of the notice to detainees at those

facilities.  Because not all detainees processed by, and detained within,

facilities within the New Orleans Field Office fall within the provisional class,

Defendants assert that Plaintiffs' proposal is over-inclusive and would create

potential confusion among detainees that fall outside the class, while also

imposing an unnecessary burden on the agency to identify all class members.

3. Plaintiffs have also proposed to Defendants the necessity of ICE-led comprehensive

training sessions of staff at all New Orleans Field Office detention facilities. This

training would focus on compliance with the requirements of the Court's Order.

Defendants assert that this issue goes beyond the scope of this status report as

discussed at the hearing on September 18, 2019.

4. The parties agree that the following named plaintiffs should be dismissed as parties to

this case on mootness grounds:  Angel Alejandro Heredia Mons; Roland Nchango

Tumenta; Dario Mena Lopez; Y.A.L.; Adrian Toledo Flores; J.M.R.; F.J.B.H.;

R.O.P.; and Miguel Angel Giron Martinez.

Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN, D.C. BAR # 924092
Civil Chief

By: _____/s/_____
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.Simon@usdoj.gov

Counsel for Defendants

     AND


MELISSA CROW (D.C. Bar #453487)
Senior Supervising Attorney

_____/s/_____
LUZ V. LOPEZ (*pro hac vice)*
Senior Supervising Attorney
**SOUTHERN POVERTY LAW CENTER**
1101 17th St., NW, 7th Floor
Washington, DC 20036
Tel: (202) 355-4471
Melissa.Crow@splcenter.org
Luz.Lopez@splcenter.org

KATIE SCHWARTZMANN (*pro hac vice*)
BRUCE HAMILTON (*pro hac vice*)
**AMERICAN CIVIL LIBERTIES UNION OF LOUISIANA FOUNDATION**
P.O. Box 56157
New Orleans, LA 70156
Tel: (504) 522-0628
kschwartzmann@laaclu.org
bhamilton@laaclu.org
Counsel for Plaintiffs