UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Heredia Mons, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 19-cv-1593 (JEB) |
| v. | ) | |
| | ) | |
| Kevin K. McAleenan, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

In the Court's order dated September 18, 2019, the Court directed the parties to provide a status report by October 2, 2019, "concerning proposed future reports akin to those in *Damus.*" Accordingly, the parties, by and through undersigned counsel, report to the Court with their respective position on that issue.

**I.   Defendants' Position**

Defendants understand the Court's September 18, 2019 order to have requested the parties' position on the issue of reporting. Defendants object to the inclusion in this report of the other issues raised by Plaintiffs in their section, and, because those issues are outside the scope of this report, respond only briefly to them below, but reserve the right to address those issues more fully at a later date if necessary.

**A. Defendants' Proposal on Reporting**

Defendants state that they now have the ability to prepare computer-generated reports of parole determinations on a going forward basis using data that is recorded electronically and which Defendants believe would provide more accurate information. However, as a result of certain limitations with that system, Defendants propose utilizing manual reporting with respect to individuals who had been denied parole prior to September 5, 2019 (the date of the Court's

preliminary injunction order) and who request a new adjudication pursuant to the provisions of the previously submitted class notice. Accordingly, Defendants propose that they submit to the Court on a monthly basis two spreadsheets under the schedule set forth below.

The first spreadsheet will be a manually produced spreadsheet that would reflect adjudications for those individuals who had been denied parole prior to September 5, 2019, and who request a new adjudication pursuant to the provisions of the previously submitted class notice. This spreadsheet would include columns reflecting the information proposed by Plaintiff below, with the exception of information related to bond, any conditions of supervision imposed, and the primary language spoken, which Defendants do not believe is necessary and which Defendants state will require a significant additional amount of work to produce. Defendants propose that this spreadsheet be submitted to the Court on a monthly basis by the $24^h$ day of each month (or the next business day if the 24th day is a weekend or holiday), beginning on November 25, 2019 (November 24, 2019 is a Sunday), reflecting data pertaining to applicable individuals for the 30-day period ending on the 17th of the same month, until such time as all new adjudications requested by such individuals have been completed.[1]

The second spreadsheet would track the parole determinations conducted for newly-arriving detainees at the New Orleans Field Office for the period beginning September 5, 2019, and on a going forward basis. ICE states that it is now able to produce such information using a computer-generated report which uses information inputted by ICE officers. The information

---

[1] Under the Parole Directive, ICE has discretion not to re-interview individuals who have been denied parole and request re-determinations. (Parole Directive § 8.9) However, as reflected in the previously submitted class notice, ICE plans to treat individuals previously denied parole prior to September 5, 2019 who request a new determination under the procedures applicable to an initial adjudication. As a result of the passage of time, this ultimately will be a finite group of individuals.

captured by this method is reflected in the sample spreadsheet that is attached. *See* Exhibit A. Although this method would not capture all of the information captured in the manually-produced spreadsheet, ICE states that using this method would reduce the burden on the New Orleans Field Office and also should yield more accurate data.[2]  ICE proposes that it begin producing this spreadsheet on the same date it produces the manual spreadsheet discussed above (i.e., November 25, 2019), and by the 24th day of each subsequent month (or the next business day if the 24th day is a weekend or a holiday).  The spreadsheet produced on November 25, 2019, would capture data from September 5, 2019 to the middle of October 2019, and subsequent spreadsheets would capture data for each 30-day period thereafter (i.e., the December spreadsheet would capture data to mid-November 2019).

As in *Damus,* Defendants would propose filing both forms of monthly reports under seal and, in that regard, will confer with Plaintiffs in an attempt to reach agreement on the terms of a Protective Order regarding these reports, which will be served on Plaintiffs' counsel concurrently with their under seal filing.

**B. Other Matters**

Defendants assert that Plaintiffs' proposal below under the heading "Parole Determinations" would improperly impose obligations that exceed the requirements of the Parole Directive.  For instance, among other things, the Parole Directive does not require that interviews be conducted within 7 days (instead, it allows for the potential that operational or other reasons may warrant a longer period (Parole Directive § 8.2), nor does it set a 7-day deadline to make parole determinations.  With respect to Plaintiffs' proposal regarding training,

---

[2]  ICE states that, due to the number of facilities within the New Orleans Field Office, and due to the high rate of turnover of detainees at those facilities, it would be burdensome to create a manually-generated spreadsheet of parole determinations on a going forward basis.  ICE also states that it believe the computer-generated reporting would be more accurate.

whether to conduct training, and the nature of training to be conducted, is a matter that is within the discretion of the agency.

## II. Plaintiffs Position:

### Parole Determinations

It is Plaintiffs' position that, in light of the irreparable harm this Court found class members to be suffering from ongoing unlawful detention, and in light of the fact that it has already been four weeks since the Court issued its Order, Defendants should provide parole advisals to all class members currently in detention no later than 7 days from the date of publication of the bilingual Notice agreed upon by the parties and sanctioned by this Court; parole interviews within 7 days of receipt of the parole advisals; and parole determinations within 7 days of the interviews.

### Training of New Orleans ICE Field Office Personnel

To ensure that New Orleans ICE Field Office Personnel understand the scope of their responsibilities pursuant to the 2009 Parole Directive and this Court's September 5, 2019 Order, and to promote compliance with said Order, Plaintiffs propose that ICE engage in the following:

- Seven (7) days after the publication of the bilingual Notice, the New Orleans ICE Field Director shall disseminate a letter to all ICE personnel involved in parole determinations in the New Orleans ICE field Office, including all Deportation Officers, explaining their responsibilities pursuant to the 2009 Parole Directive; a statement that the 2009 Parole Directive remains in effect; and an explanation of the effect that this Court's September 5, 2019 Order will have on their responsibilities during the parole process. Defendants shall furnish a copy of this letter to the Court and Plaintiffs on the date of issuance to New Orleans ICE Field Office personnel.

- Within thirty (30) days of the publication of the bilingual Notice, Defendants agree to provide training on the 2009 Parole Directive to all New Orleans ICE Field Office personnel. The training may be staggered over a two-month period, with priority given to detention facilities housing the largest number of class members, e.g. Pine Prairie, LaSalle, Winn, Bossier, River, Basile, Jackson.

**Parole Reporting**

Plaintiffs request that, promptly upon completion of parole determinations for class members, Defendants will file under seal and provide class counsel with a status report containing, for each class member currently in detention:

• Name, Alien Number, and Detention Facility;

• Date booked into ICE custody;

• The date and outcome of the new parole determination, including whether the provisional class member was ordered released, the amount of any bond set, and any conditions of supervision imposed;

• If bond was set, whether the provisional class member posted bond;

• If applicable, the date of the provisional class member's release from ICE custody;

• If applicable, the reason the provisional class member was denied parole; and

• The primary language spoken.

                        Respectfully submitted,

                        JESSIE K. LIU, D.C. Bar #472845
                        United States Attorney

                        DANIEL F. VAN HORN, D.C. BAR # 924092
                        Civil Chief

                        By: _____/s/_____
                        JEREMY S. SIMON, D.C. BAR #447956
                        Assistant United States Attorney

Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.Simon@usdoj.gov

Counsel for Defendants

    AND

MELISSA CROW (D.C. Bar #453487)
Senior Supervising Attorney

    _____/s/_____
LUZ V. LOPEZ (*pro hac vice*)
Senior Supervising Attorney
**SOUTHERN POVERTY LAW CENTER**
1101 17th St., NW, 7th Floor
Washington, DC 20036
Tel: (202) 355-4471
Melissa.Crow@splcenter.org
Luz.Lopez@splcenter.org

KATIE SCHWARTZMANN (*pro hac vice*)
BRUCE HAMILTON (*pro hac vice*)
**AMERICAN CIVIL LIBERTIES UNION OF LOUISIANA FOUNDATION**
P.O. Box 56157
New Orleans, LA 70156
Tel: (504) 522-0628
kschwartzmann@laaclu.org
bhamilton@laaclu.org
Counsel for Plaintiffs