**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| HEREDIA MONS, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civ. A. No. 19-1593 (JEB) |
| v. | ) | |
| | ) | |
| KEVIN A. MCALEENAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER**

Plaintiffs and Defendants (collectively, the "Parties") in the above-captioned action

("Litigation" or "Action"), recognize that information about putative or confirmed class members

exchanged by the Parties in the Litigation for the purpose of facilitating compliance with the

Court's preliminary injunction, including with respect to the filing of the reports referenced in the

Court's order dated October 7, 2019, may include private information related to individuals in the

custody and care of the United States and that such materials may reasonably be protected from

disclosure to the public or to one or more of the Parties under Rule 26(c) of the Federal Rules of

Civil Procedure.  The Parties desire to enter into this stipulation to facilitate the exchange of

documents and information while protecting against the unauthorized disclosure of confidential

documents and information.

Accordingly, the parties stipulate, and it is hereby ORDERED:

1.      Counsel for Defendants is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11)

and consistent with 28 C.F.R. § 16.23, to release information otherwise protected from disclosure

to counsel for Plaintiffs for purposes of facilitating compliance with the Court's preliminary

injunction as set forth below.   No person subject to this Protective Order may disclose, in public

or private, any material designated as "PROTECED" hereunder, except as provided for in this Protective Order or as further ordered by the Court

2.      Counsel for Defendant may designate as "PROTECTED" hereunder the reports filed in accordance with the Court's order dated October 7, 2019, and counsel for the parties may designate other information as "PROTECTED" that may be exchanged between the parties in connection with this litigation ("Protected Material"), including:

a.      Information, documents or tangible things protected by the Privacy Act, 5 U.S.C. § 552a, et seq., or information that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence.

b.      Personally Identifying Information ("PII"), including but not limited to the names, telephone numbers, and email addresses of federal employees; Protected Health Information ("PHI"); and any information that is protected or restricted from disclosure by statute or regulation.

c.      All other protected documents, information or tangible things not identified above that the parties agree in writing or the Court orders qualify for protection under Federal Rule of Civil Procedure 26(c).

d.      Defendants do not waive their right to assert other or further privileges over the information.

3.      In designating Protected Material, the producing party so designating it shall identify the protected information with specificity in writing or by placing a "PROTECTED" label or stamp on a document or group of documents. Either party may, at any time, object to the designation of information as protected.   In the event of any such objection, the designating party agrees to confer with the objecting party as promptly as practicable to attempt to resolve the objection informally.   Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the information shall be treated as PROTECTED.

4.      Only the following persons shall have access to or retain material designated as Protected Material pursuant to this Order:

a.   The Court and its official personnel;

b.   Counsel for any Party and any of Defendants' personnel with whom Counsel for Defendants determines it is appropriate to share such information for the purpose of this litigation. For the purposes of this Protective Order, "Counsel" means the attorneys representing the Parties for this Action, including paralegals, office clerks, secretaries, law student interns, and other support staff assisting those attorneys, working on the Action;

c.   For Protected Material relating to an individual member of the class, to the individual class member and counsel who represent individual class members, or any prospective counsel for a class member. The individual class member and counsel shall only be provided Protected material relating to the individual class member or class members whom they represent or may represent, and the individual may not be provided any information pertaining to other class members.

d.   Outside experts, consultants retained by the receiving party's counsel to assist in this Litigation (and the experts' or consultants' staff whose duties and responsibilities require access to such materials);

e.   Court reporters and translators;

f.   Outside litigation support personnel retained by Counsel to assist in the preparation and/or litigation of the Action, including contract attorneys or outside copying service vendors or electronic document management vendors;

g.   Any person not otherwise covered by subparagraph (a), (b), (c), or (d) who was involved in the preparation of such material or who received or reviewed such material for purposes other than this Action or who has been alleged to have received or reviewed such material for purposes other than this Action;

h.   Witnesses at deposition not otherwise covered by subparagraphs (a), (b), (c) or (d);

i.   Persons whom the producing party agrees in writing or on the record at a deposition may be shown Protected material.

5.      It shall be the responsibility of each party to bring this order to the attention of their respective outside consultants and experts to whom they disclose Protected Material, and to insure that all such persons comply with the terms of this order.

6.      All Protected Material shall be clearly labeled as such and shall be returned to the party who originally produced the information or destroyed at the conclusion of this litigation (including any and all appeals); provided, however, that one copy of such material and any legal memoranda, transcripts, briefs, and work product containing protected information may be retained for archival purposes if such materials are kept in the possession of a private litigant's

counsel or in the possession of a governmental entity, and are not in the future disclosed contrary to the provisions of this order.

7.      Counsel shall endeavor to avoid revealing Protected Material in any oral proceedings before the Court, including oral argument.   If any counsel finds it necessary to refer to Protected Material in any such oral proceeding, that counsel shall notify the Court and all other counsel of record as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of Protected Material as a consequence of such oral proceedings to persons other than those authorized by this order.

8.      The Court authorizes counsel for Defendants by this Order to file under seal reports (including in chart form) referenced in the minute order dated October 7, 2019.   Any party seeking to file other documents containing Protected Material under seal shall file a motion for leave to file under seal.   If any party files any motion, opposition, reply or any other document prior to trial and attaches thereto or sets forth therein a record, or the relevant portion of a record that has been designated as Protected Material pursuant to this Order, the parties shall, where the Protected Material is not readily segregable from the filed document, file two copies of such document ("Version One" and "Version Two") with the Court.   Version One shall redact only the specific information designated as Protected Material pursuant to this Order and shall be filed on the public record.   Version Two shall contain no redactions and shall be filed as an attachment to a motion for leave to file Version Two under seal.   Where the Protected Material is readily segregable (such as, for instance, a single exhibit to a motion), only the segregable document shall be filed as an attachment to a motion for leave to file under seal as stated herein, but the remainder of the filing shall be filed on the public record.

9.      Protected Material designated under this Order shall include, without limitation: (a) all copies, extracts, and complete or partial summaries prepared from such documents, things, or information so designated; (b) portions of deposition transcripts and exhibits to deposition transcripts that contain, summarize, or reflect the content of any such documents, things, or information; and (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information. The Parties agree that information regarding the aggregated numbers for any category of individuals contained in the chart may be excluded from this paragraph. Moreover, a Party may make a request to the producing Party that certain material contained in such copies, extracts, and complete or partial summaries not be treated as Protected Material. The Parties will meet and confer in good faith within a reasonable amount of time of any such request to resolve the request.

10.     The receiving Party's use of any information or documents obtained from the producing Party subject to this Protective Order, including all information derived therefrom, shall be restricted to use in this Litigation (subject to the applicable rules of evidence and subject to the confidentiality of such materials being maintained) and shall not be used by anyone subject to the terms of this agreement, for any purpose outside of this Litigation or any other proceeding between the Parties, except as otherwise provided in this Order.

11.     Counsel for a party, as applicable, shall promptly report any breach of the provisions of this order to the Court and the party who produced the Protected Material that was improperly divulged or compromised.  Upon discovery of any breach, the party responsible for any breach shall immediately take appropriate action to cure the violation and retrieve any Protected Material that may have been disclosed to persons not covered by this order.   The parties

shall also cooperate fully in any investigation of such breach conducted by the Court.   Nothing contained in this order shall be deemed or relied upon to create any right or benefit, substantive or procedural, for any person or entity other than the parties to the above-captioned action.

12.     By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.   This Protective Order is intended to provide a mechanism for handling the disclosure or production of Protected Material to which there is no objection other than confidentiality. The protection afforded by this Order shall in no way affect a producing Party's right to withhold or redact documents as: (a) privileged under the attorney-client or other privilege, (b) protected by the work product doctrine, or (c) otherwise exempted from discovery under Rule 26 of the Federal Rules of Civil Procedure or under any law. Additionally, this Protective Order shall not prejudice the right of a Party to: (i) seek additional protective treatment for any information it considers to be very highly sensitive, or otherwise exempt from disclosure, such that the protections in this Protective Order would be insufficient, (ii) object to the designation of any document or information as Protected Material, or (iii) seek any modification of or relief from any provision of this Protective Order, either generally or as to any particular Protected Material, by properly noticed motion with notice to all Parties and their respective counsel.

13.     Pursuant to 5 U.S.C. § 552a(b)(11), the parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that are subject to this Protective Order, and nothing contained herein shall be construed as precluding Plaintiffs or Defendants from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of the individual(s) involved.

14.     Nothing contained herein shall restrict the government's use of its records for official business or for other purposes consistent with other applicable laws and regulations.

15.     The restrictions set forth in this Protective Order shall not apply to documents, things, or information that: (a) have been publicly disclosed by either Party; or (b) have been independently obtained by the receiving party through lawful means. If the producing party challenges the receiving party's invocation of this provision, then the receiving party shall provide written documentation showing the material falls within categories of non-private information referenced in this provision. This paragraph does not purport to waive or in any other way limit any protection that exists under law, including the Privacy Act, 5 U.S.C. § 552a, et seq.

16.     Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by an Order of the Court, and a designating party may terminate any specific part or parts of the restrictions imposed by this Protective Order with respect to documents or information designated by that party as Protected Material by letter to counsel for the opposing party.

17.     This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

18.     Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

19.     This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order.

Respectfully submitted,

JESSIE K. LIU

D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN
D.C. Bar #924092
Civil Chief

By: _____/s/_____
JEREMY S. SIMON, D.C. Bar #447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov

Counsel for Defendant


            AND


MELISSA CROW (D.C. Bar #453487)
Senior Supervising Attorney

_____/s/_____
LUZ V. LOPEZ (*pro hac vice)*
Senior Supervising Attorney
**SOUTHERN POVERTY LAW CENTER**
1101 17th St., NW, 7th Floor
Washington, DC 20036
Tel: (202) 355-4471
Melissa.Crow@splcenter.org
Luz.Lopez@splcenter.org

KATIE SCHWARTZMANN (*pro hac vice*)
BRUCE HAMILTON (*pro hac vice*)
**AMERICAN CIVIL LIBERTIES UNION OF LOUISIANA
FOUNDATION**
P.O. Box 56157
New Orleans, LA 70156
Tel: (504) 522-0628
kschwartzmann@laaclu.org
bhamilton@laaclu.org
Counsel for Plaintiffs

It is so ORDERED by the Court this _____ day of November 2019.


                                          _____
                                          United States District Judge