**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

HEREDIA MONS, *et al.*,                          )
                                                 )
          Plaintiffs,                            )
                                                 )          Civ. A. No. 19-1593 (JEB)
v.                                               )
                                                 )
KEVIN A. McALEENAN, *et al.*,                    )
                                                 )
          Defendants.                            )

**MOTION FOR CLARIFICATION OF THE COURT'S
ORDER OF OCTOBER 7, 2019 REGARDING
<u>DISSEMINATION OF THE CLASS NOTICE</u>**

Defendants, through counsel, respectfully move the Court to clarify its directions for

Defendants to provide notice of this action to the Plaintiff class.

At the status conference on October 7, 2019, this Court issued an order from the bench

directing Defendants to distribute the agreed-upon class notice to all class members beginning on

or about October 14, 2019.  The Court also appeared to contemplate at the hearing that the notice

be distributed to class members currently detained at that time (October 14, 2019) in detention

facilities within the New Orleans Field Office and also, on a going forward basis, to arriving

asylum-seekers denied parole following their arrival who otherwise qualify as class members.

(Tr. at 9-10)  However, the Minute Order that the Court issued on October 7, 2019, stated only

that "Defendants shall distribute the Notice to class members (or if they choose, all detainees)

between October 14-28, 2019[,]" with no indication of any continuing duty to provide notice to

arriving detainees.

Pursuant to the Minute Order, Defendants distributed the class notice to existing detainees

during the October 14 to 28, 2019 time period.   However, as a result of  confusion as between

the Court's direction at the hearing on October 7, 2019, and the language in the October 7, 2019

Minute Order, undersigned counsel has learned that Defendants have not been providing the class notice on a going forward basis to arriving detainees denied parole.[1]

Accordingly, Defendants ask that the Court clarify in a written order whether it requires Defendants to distribute the class notice to arriving aliens who are denied parole (and otherwise fall within the provisional class as defined by the Court) on a going forward basis.   Following clarification from the Court, the parties can discuss at the status hearing scheduled for January 7, 2020 whether any remedial steps (such as another one-time distribution of the class notice to existing detainees who are class members) may be warranted to account for any lapse in distribution of the class notice if in fact there was such a lapse.

*   *   *

---

[1]    The lack of a clear class definition in the Court's order provisionally granting class certification also contributed to Defendants' confusion.  The Court's Order of September 5, 2019, which provisionally granted Plaintiffs' motion to certify the class, did not set forth a precise class definition as required by Rule 23(c)(1)(B).   Instead, the Court's Memorandum Opinion of September 5, 2019, noted that Plaintiffs proposed a class as follows:  "Plaintiffs' proposed class here consists of '[(1)] [a]ll arriving asylum-seekers (2) who receive positive credible fear determinations; and (3) who are or will be detained by U.S. Immigration and Customs Enforcement; (4) after having been denied parole by the New Orleans ICE Field Office.'"  (Mem. Op. at 17).   The Court also enjoined Defendants, requiring them to comply with the Parole Directive on a going forward basis.  As such, it is unclear whether individuals denied parole after September 5, 2019, are part of the provisional class because Defendants were required by the Court's Order of that date to apply the Parole Directive to their parole decisions (and thus, they suffered no injury from Defendants' alleged prior conduct).  That said, it appears from the Court's comments at the October 7, 2019 status conference (Tr. at 9-10) that the Court may view this class as one that encompasses asylum-seekers arriving after September 5, 2019, and denied parole. Accordingly, Defendants also request that the Court clarify the scope of the class as such a clarification may also impact whether the class notice needs to be provided directly (on a going forward basis) to arriving detainees who were denied parole after September 5, 2019.  Notably, detainees who were denied parole after September 5, 2019, and who may not be part of the provisional class, would receive some notice through the posting of the notice at the facilities.

Pursuant to Local Civil Rule 7(m), undersigned counsel has conferred with counsel for

Plaintiffs who advise that they oppose the relief requested in this motion.

Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN, D.C. BAR # 924092
Civil Chief

By: _____/s/_____
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.Simon@usdoj.gov

Counsel for Defendants

3