**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Heredia Mons, *et al.*,                )
                                       )
        Plaintiffs,                    )
                                       )        No. 19-cv-1593 (JEB)
v.                                     )
                                       )
Kevin K. McAleenan, *et al.*,          )
                                       )
        Defendants.                    )

**OPPOSITION IN PART TO DEFENDANTS' MOTION FOR CLARIFICATION
OF THE COURT'S ORDER OF OCTOBER 7, 2019 REGARDING
DISSEMINATION OF THE CLASS NOTICE**

On December 20, 2019, Defendants filed a Motion for Clarification of the Court's Order of October 7, 2019 Regarding Dissemination of the Class Notice ("Motion for Clarification"). (Dkt. #43). For the below reasons, Plaintiffs oppose Defendants' Motion in part, and seek to address Defendants' admitted non-compliance with this Court's October 7 Order during the January 7, 2020 Status Conference.

On September 5, 2019, this Court issued an Order granting Plaintiffs' Motions for a Preliminary Injunction and Class Certification. (Dkt. #32-33). In short, the Order enjoined Defendants from continuing to apply a blanket, parole-denial policy, and it directed Defendants to comply with the requirements of its 2009 Parole Directive, when reviewing requests for parole from asylum-seekers/class members. *Id.* In order to effectuate the Order, Plaintiffs and Defendants jointly drafted and submitted to the Court a document titled "Notice Regarding Parole Applications" ("Parole Notice"), which delineated the actions that Defendants agreed to implement to ensure compliance with this Court's Order. (Dkt. #43 at 1).

On October 7, 2019, this Court held a Status Conference to finalize the process that Defendants would undertake to ensure compliance with the Court's September 5 Order. *Id.*

Defendants note in their Motion for Clarification that, during the Status Conference, the Court ruled that Defendants were responsible for disseminating the Parole Notice: "to all class members beginning on or about October 14, 2019." *Id.* Defendants further note that "[t]he Court also appeared to contemplate at the hearing that the notice be distributed to class members currently detained at that time (October 14, 2019) in detention facilities within the New Orleans Field Office and also, on a going forward basis, to arriving asylum-seekers denied parole following their arrival who otherwise qualify as class members." *Id. (*citing the Oct. 7, 2019 Tr. at 9-10).

Defendants now allege that they are confused regarding the time period for which they are responsible for disseminating the Parole Notice, because the Minute Order entered on October 7, 2019, states that Defendants "`shall distribute the Notice to class members (or if they choose, all detainees) between October 14-28, 2019[,]' with no indication of any continuing duty to provide notice to arriving detainees." *Id*. Defendants further admit that, because of their confusion, they disseminated the Parole Notice only over a two-week period (October 14-28), and since October 28, they have stopped disseminating the Parole Notice to asylum-seekers/class members previously denied parole.

Defendants' Counsel revealed in the Motion for Clarification that they learned of Defendants' non-compliance and are now seeking guidance from the Court, but they failed to provide crucial information for the Court to consider, such as the date on which Defendants' Counsel learned of their clients' non-compliance. Nor do Defendants' Counsel provide an explanation as to why they waited to seek clarification from the Court until December 20, 2019, more than two months after the October 7 Status Conference, and the date (October 28, 2019) on which they admit that they stopped disseminating the Parole Notice. Given the fact that Defendant Immigration and Customs Enforcement's in-house Legal Counsel was himself present during and

participated in the October 7 Status Conference, it is surprising that he did not directly and more quickly provide guidance to his client regarding the apparent confusion between the October 7 Status Conference Transcript and the October 7 Minute Order.

Plaintiffs have reason to believe that Defendants have repeatedly defied this Court's September 5 Order, and they continue to apply a near-blanket, parole-denial policy, in violation of the 2009 Parole Directive and this Court's orders.  Defendants' failure to properly disseminate the Parole Notice is only one among their many acts of non-compliance since this Court's September 5 Order, including failure to engage in an individualized review of parole requests, failure to ensure that persons who are limited-English proficient understand the parole advisal form and the parole process, failure to grant interviews to class members requesting parole, and failure to provide class members with access to the toll-free parole hotline.

Given the pervasiveness and severity of Defendants' non-compliance, Plaintiffs are prepared to discuss additional remedies during the January 7 Status Conference, along with Defendants' proposal to conduct a one-time distribution of the Parole Notice to all class members and dissemination to all subsequent class members thereafter.

Respectfully submitted,

MELISSA CROW (D.C. Bar #453487)
Senior Supervising Attorney

By: _____
LUZ V. LOPEZ (*pro hac vice)*
Senior Supervising Attorney
**SOUTHERN POVERTY LAW CENTER**
1101 17th St., NW, 7th Floor
Washington, DC 20036
Tel: (202) 355-4471
Melissa.Crow@splcenter.org
Luz.Lopez@splcenter.org

KATIE SCHWARTZMANN (*pro hac vice*)
BRUCE HAMILTON (*pro hac vice*)

**AMERICAN CIVIL LIBERTIES UNION OF LOUISIANA FOUNDATION**
P.O. Box 56157
New Orleans, LA 70156
Tel: (504) 522-0628
kschwartzmann@laaclu.org
bhamilton@laaclu.org
Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I certify that, on January 3, 2020, I electronically filed Plaintiffs' Opposition to Motion For Clarification with the Clerk of Court via the CM/ECF system, which will send a Notice of Electronic Filing to all CM/ECF registrants for this case.

Dated: January 3, 2020                    Respectfully submitted,

*/s/ Melissa Crow*_____

Melissa Crow (D.C. Bar No. 453487)

SOUTHERN POVERTY LAW CENTER
1101 17th St., NW, Suite 750
Washington, DC 20036
Tel: (202) 355-4471
Melissa.crow@splcenter.org
*Attorney for Plaintiffs*