**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| Ángel Alejandro Heredia Mons, *et al.*, on behalf of himself and others similarly situated, <br><br> *Plaintiffs,* <br><br> v. <br><br> CHAD WOLF, Acting Secretary of the Dep't of Homeland Security, in his official capacity, *et al.*, <br><br> *Defendants.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:19-cv-01593(-JEB) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order dated March 20, 2020, the parties submit the following joint status report with their respective positions as to the future direction of this matter.

**Plaintiffs' Position**

1. Government Monthly Reports

   While the last two government monthly reports have shown a modest increase in the number of parole grant in the New Orleans Field Office, Plaintiffs are concerned that these numbers show two clear patterns: 1) a lack of uniformity in the application of the Parole Directive across detention facilities, and 2) the continued low grants of new and redeterminations of parole applications. Plaintiffs are also concerned that, upon information and belief, the government is underreporting the total number of applications they receive.

As evidenced by the chart below, some detention facilities are reporting very low parole redetermination requests. In addition, the most recent parole grant rate of 27 percent for redeterminations, is still far below the 75 percent grant rate historically known in this region, as of February 15, 2020. For new applicants, the numbers are even more discouraging, with an 11 percent parole grant rate. The data provided by Defendants[1] in their monthly reports does not identify the detention facility for new applications, preventing assessment of the parole grant rate for new applications by facility.

| Detention Facility and detainee population | # of Parole redeterminations received between Jan. 15, 2020 and Feb. 15, 2020 | # of parole re-determinations granted | Parole redeterminations grant approval rate (%) |
|---|---|---|---|
| ACDC | 55 | 7 | 12.73% |
| Jackson Parish | 47 | 14 | 29.79% |
| Winnfield | 145 | 47 | 32.41% |
| Richwood | 40 | 14 | 35.00% |
| S. Louisiana | 75 | 14 | 18.67% |
| River | 38 | 13 | 34.21% |
| Pine Prairie | 12 | 5 | 41.67% |
| LaSalle Correctional Ctr | 4 | 0 | 0.00% |
| Catahoula | 3 | 0 | 0.00% |
| Allen Parish | 1 | 0 | 0.00% |

2. <u>Dissemination of Notice Regarding Parole Applications and lack of compliance</u>

While this Court's January 8, 2020 Order remedied the Defendants' lapse in continuously disseminating the Parole Notice to all class members detained under the authority of the New Orleans Field Office,[2] Plaintiffs have consistently reported deficiencies with dissemination and lack of compliance with the parole directive at several detention facilities.

---

[1] See Defendants' Declaration of Jacques Metoyer, March 23, 2020, Ex. B.
[2] The Court's January 8, 2020 Order required Defendants to resume dissemination of the Parole Notice to class members commencing on January 14, 2020.

For example, in an email dated February 12, 2020, Plaintiffs' Counsel identified six detention facilities (River, Winn, Pine Prairie, Adams, Jackson Parrish, and La Salle) where, upon information and belief, asylum-seekers allege that deportation officers do not make themselves available to Plaintiffs wanting to present parole applications or resubmit requests. Defendants' Counsel requested Plaintiffs' Counsel to identify the asylum-seekers making these claims. We urged Defendants to, at the very least, contact the detention facilities that we identified, and discuss our concerns with the deportation officers assigned to each facility (Defendants have access to this information, of course). Yet, Defendants did not further respond to our requests. Plaintiffs' counsel has taken all necessary steps to notify Defendants' Counsel about the deficiencies with the parole notification process and lack of compliance with the parole directive, but these issues remain unresolved. In the following weeks, Plaintiffs will move for limited discovery and contempt to highlight some of the inconsistencies and inaccuracies previously raised with this Court and with Defendants directly. Plaintiffs are concerned that these monthly government reports do not accurately report all parole data from the New Orleans Field Office.

Finally, our concerns with the government's continued non-compliance are exacerbated by the COVID-19 pandemic, and Plaintiffs worry for the safety and health of all class members under these circumstances. Thus, Plaintiffs have filed a preliminary injunction seeking an immediate, individualized parole review for all eligible class-members, irrespective of whether they have submitted a parole request.

3. Briefing Schedule:

Plaintiffs assert that setting a briefing schedule for dispositive motions is premature, at this point in the proceedings. Thus far, Defendants have provided only a handful of monthly reports

in response to this Court's Order. But, these monthly reports themselves show that – even with this Court's oversight – Defendants continue to defy the regulations and procedures of the Parole Directive. For example, it appears that persons who suffer from medically serious conditions are not afforded the individualized assessments that the Directive requires. It is clear from these few reports that continued oversight and analysis of Defendants' parole grants/denials is necessary, for this Court to reach a sound, well-informed conclusion regarding Defendants' compliance with the Parole Directive.

**Defendants' Position**

The Court's minute order directs the parties to state their respective positions as to "how they believe the case should proceed from here." In response to the Court's inquiry, Defendants believe that the Court should set a briefing schedule for cross-motions for summary judgment at this time. In that regard, Defendants propose the following schedule, which takes into account disruptions caused by the current COVID-19 situation:

| | |
|---|---|
| Defendants' Motion for Summary Judgment: | July 13, 2020 |
| Plaintiffs' Cross-Motion and Opposition: | August 27, 2020 |
| Defendants' Opposition and Reply: | September 30, 2020 |
| Plaintiffs' Reply: | October 30, 2020 |

Defendants respond as follows to the issues identified by Plaintiffs above, which go beyond the scope of the purpose of this status report:

1. Monthly Reports: Defendants' monthly reports follow the format previously agreed to by the parties. To the extent there is a lack of uniformity in grant rates across facilities, that is evidence that individualized determinations are being conducted. The examples of low-grant rate facilities identified by Plaintiffs in the chart above pertain to three facilities in which there were a combined total of eight re-determinations according to Plaintiffs' chart for the one month period referenced. Given the low denominator, the absence of any grants at these facilities during the one-month period selected by Plaintiffs does not reflect any failure of compliance. Regarding Plaintiffs' claim of under-reporting, when Plaintiffs' counsel first raised this issue by email dated March 10, 2020, Defendants, through counsel, requested that Plaintiffs' counsel provide specific examples to enable Defendants to assess this contention. As of the date of preparation of this status report, no examples have been provided.

2. Dissemination of Notice Regarding Parole Applications and "Lack of Compliance": Defendants dispute Plaintiffs' contention that Plaintiffs have brought "numerous" examples of non-compliance to Defendants' attention. Defendants previously addressed Plaintiffs' contentions in a status report filed on January 21, 2020 (ECF No. 53). Since the filing of that status report, Defendants are aware of one email from Plaintiffs' counsel dated February 12, 2020, raising certain limited issues, which the agency has been looking into. Defendants will respond to any motion for contempt and request for discovery if and when such a motion is filed.

3. Preliminary Injunction Motion:  Defendants will respond to the preliminary injunction motion in accordance with the deadline set by the Court, and further address some of the issues raised by Plaintiffs above in that response.

        Respectfully submitted,

        TIMOTHY J. SHEA, D.C. Bar #437437
        United States Attorney

        DANIEL F. VAN HORN, D.C. BAR # 924092
        Civil Chief

By: _____/s/_____
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.Simon@usdoj.gov

Counsel for Defendants

    AND

MELISSA CROW (D.C. Bar #453487)
Senior Supervising Attorney

    /s/
LUZ V. LOPEZ (*pro hac vice*)
Senior Supervising Attorney
**SOUTHERN POVERTY LAW CENTER**
1101 17th St., NW, 7th Floor
Washington, DC 20036
Tel: (202) 355-4471
Melissa.Crow@splcenter.org
Luz.Lopez@splcenter.org

VICTORIA MESA-ESTRADA (*pro hac vice*)
MICHELLE GONZALEZ (*pro hac vice*)
**SOUTHERN POVERTY LAW CENTER**
2 S BISCAYNE BLVD, STE 3200
MIAMI, FL 33101

**TEL:** (786) 347- 2056
victoria.mesa@splcenter.org
mich.gonzalez@splcenter.org

KATIE SCHWARTZMANN (*pro hac vice*)
BRUCE HAMILTON (*pro hac vice*)
**AMERICAN CIVIL LIBERTIES UNION OF LOUISIANA FOUNDATION**
P.O. Box 56157
New Orleans, LA 70156
Tel: (504) 522-0628
kschwartzmann@laaclu.org
bhamilton@laaclu.org
Counsel for Plaintiffs