UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Heredia Mons, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 19-cv-1593 (JEB) |
| v. ) | |
| ) | |
| Chad Wolf, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE OR, ALTERNATIVELY, FOR LEAVE TO FILE SUR-REPLY**

Plaintiffs' brief opposition fails to meaningfully address the issues raised in Defendants' motion to strike or, alternatively, for leave to file a sur-reply (hereinafter, "motion to strike").

First, Plaintiffs concede that the new declarations are not seeking to rebut any factual assertions made in Defendants' opposition which is the proper purpose for declarations at the reply stage. *See Leboeuf, Lamb, Greene & Macrae, LLP v. Abraham*, 215 F. Supp. 2d 73, 82 (D. D.C. 2002) ("[a] party may submit new facts in a reply, when supported by a declaration, if the facts are needed to directly rebut a claim by the opposing party"), *vacated on other grounds,* 347 F.3d 315 (D.C. Cir. 2003). Instead, as characterized by Plaintiffs, the new declarations "support Plaintiffs' assertion that Defendants continue to engage in practices and conduct in defiance of this Court's Order and the 2009 Parole Directive." Thus, Plaintiffs admit that they are using these declarations as a vehicle to supplement their original filing rather than to respond to specific factual assertions made in Defendants' opposition. For this reason alone, the declarations are improper and should be stricken.

Second, Plaintiffs contend that the declarations do not raise "new allegations" but that is decidedly incorrect. Although they may relate to Plaintiffs' overall assertions of non-compliance

and are largely conclusory, the declarations assert new allegations. A simple review of these declarations make this plain. For instance, the Wright Declaration recounts information that this individual allegedly received from detainees while working as a Parole Hotline Specialist for the Southern Poverty Law Center, one of the organizations representing Plaintiffs in this matter. (ECF No. 84-1) Similarly, the Declaration of Mary Kathleen Neal makes specific allegations regarding two detainees. (ECF No. 84-3) The allegations recounted by these declarants (and the three others) are not contained in Plaintiffs' original motion. By waiting to submit these declarations until the filing of their reply brief, Plaintiffs have denied Defendants the opportunity to respond to the assertions contained in them.

Nor can the declarations fairly be characterized as presenting information that arose after Plaintiffs' filed their motion for contempt in May 2020. The Wright Declaration, for instance, recounts information that this individual declarant received while working as a Parole Hotline Specialist from October 2019 to February 2020. (ECF No. 84-1, Wright Decl. ¶ 2) Plaintiffs, moreover, chose their date of filing; it was not set by any court-established deadline. They have failed to offer the Court any explanation for why these declarations were not submitted with their motion, or why they chose not to delay their motion until they had collected these declarations.

Third, Plaintiffs contend that the declarations "should not be considered hearsay, as they depict the personal experiences of Plaintiffs and their legal counsel." To the extent Plaintiffs suggest these declarations are first-hand accounts of the "personal experiences of Plaintiffs," that is incorrect. These declarations consist of a declaration from a Parole Hotline Specialist reporting on the substance of calls that unnamed detainees allegedly have made to the parole hotline (Wright Declaration); declarations from attorneys relaying the substance of secondhand

2

"reports" received from their unidentified "clients" (declarations of Homero López, Zaida Kovacsik, and Lara S. Nochomovitz); and one declaration from an attorney (Mary Kathleen Neal) who describes an alleged delay in seeking a determination on one client's parole request and otherwise takes issue with the content of a parole denial on flight risk grounds received by the other client.   Thus, none of these declarations are from individual detainees recounting, firsthand, their personal experiences.

Moreover, with the exception of portions of the declarations of Mary Kathleen Neal and Homer López,[1] none of these declarations recount the declarants' first-hand experiences interacting with ICE on behalf of detainees in connection with the parole process.   Instead, they recount information that these declarants received from others (i.e., their clients or callers to the Parole Hotline) that is being offered for the truth of the matter asserted.

Finally, contrary to Plaintiffs' assertion, the declarations also address matters not at issue, such as, for instance, frequency of contact and rotation of Deportation Officers.   As addressed in Defendants' opposition to the motion for contempt, and reiterated in the instant motion to strike, the Parole Directive does not contain requirements with respect to the frequency of contact with,

---

[1] Defendants' motion only had identified the Neal Declaration as containing some information that could be characterized as non-hearsay.   On further review, it also appears that limited aspects of the López declaration also could be construed as non-hearsay.   For instance, that declarant recounts his personal experience in attempting to obtain from ICE copies of previous parole requests made by one of his clients while that client proceeded pro se, asserting that he was advised that he would need to submit a Freedom of Information Act request for that information.   (ECF No. 84-2, López Decl. ¶ 2f)   Although arguably not hearsay, that assertion is irrelevant to Plaintiffs' contempt motion.   Plaintiffs have failed to identify any provision of the Parole Directive that would have entitled this attorney to obtain from ICE his client's previously filed parole requests that had resulted in denials and had been submitted *before* this attorney's representation of the client began.   (*Compare* Parole Dir. ¶ 6.6, providing that written notifications of parole decisions "shall be provided to aliens . . . and, if represented, their representative").

3

or general availability of, Deportation Officers, nor does it prohibit the rotation of those officers. To the extent the allegations in these declarations do not relate to requirements unambiguously set forth in the Parole Directive, they are immaterial to whether Defendants are in contempt of this Court's September 5, 2019 order for alleged non-compliance with the provisions of the Parole Directive.

Accordingly, for all of these reasons, and those set forth in Defendants' motion, the new declarations should be stricken, *LaRouche v. United States Dep't of Treasury,* No. 91-1655, 2000 U.S. Dist. LEXIS 5078, at *48-50 (D.D.C. Mar. 31, 2000) or, to the extent not stricken, Defendants should be afforded the opportunity to file a sur-reply.  *See, e.g., Alexander v. F.B.I.*, 186 F.R.D. 21, 52 (D.D.C. 1998) ("Because plaintiffs have presented new evidence before the court …, good cause exists to permit [defendant] to file a surreply addressing the contents of this filing."); *Am. Vanguard Corp. v. Jackson*, 803 F. Supp. 2d 8, 13 (D.D.C. 2011) (permitting the plaintiff to file a surreply where "new evidence" was submitted in the agency's reply).

    Respectfully submitted,

    MICHAEL R. SHERWIN
    Acting United States Attorney

    DANIEL F. VAN HORN, D.C. BAR # 924092
    Civil Chief

    By: _____/s/_____
    JEREMY S. SIMON, D.C. BAR #447956
    Assistant United States Attorney
    Civil Division
    555 4th Street, N.W.
    Washington, D.C. 20530
    (202) 252-2528
    Jeremy.Simon@usdoj.gov

    Counsel for Defendants