# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Angel Alejandro Heredia Mons, et al., on behalf of themselves **a**nd others similarly situated, | )<br>)<br>)<br>) |
| *Plaintiffs*, | ) Case No. 1:19-cv-01593-JEB<br>) |
| v. | )<br>) |
| Chad Wolf, Acting Secretary of the Department of Homeland Security, in his official capacity, et al. | )<br>)<br>)<br>) |
| *Defendants*. | )<br>)<br>) |

### INTERVENOR'S REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR LEAVE TO INTERVENE AND TO UNSEAL JUDICIAL DOCUMENTS

Victoria Baranetsky (admitted *pro hac vice*)
General Counsel
The Center for Investigative Reporting
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: 510-982-2890, Ext. 390
Email: vbaranetsky@revealnews.org

Chelsea T. Kelly (DC Bar No. 1045673)
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005
Phone:  (703) 850-6317
Fax:  (202) 973-4450
Email:  chelseakelly@dwt.com

*Counsel for Third-Party Intervenor*
*The Center for Investigative Reporting*

## INTRODUCTION

Intervenor, The Center for Investigative Reporting ("CIR"), moved to unseal the monthly submissions filed by Defendants, barring disclosure of any personally identifying information. ECF No. 95 at 1-2. Defendants filed a response that took no position on whether the right of access applied. ECF No. 100 at 3 ("To the extent CIR contends that the information in the remaining columns of the spreadsheets filed pursuant to the Court's October 7, 2019 order should be publicly accessible, Defendants defer to the Court as to whether or not to grant that aspect of the relief requested by CIR."). Unopposed, this Court should grant that motion for reasons already stated by CIR. *See generally* ECF No. 95-1.

Although Defendants assert that the administrative burden of unsealing justifies continued secrecy of parole determinations previously filed with this Court, *see* ECF No. 100 at 3-4, the U.S. Court of Appeals for the District of Columbia Circuit has recently reiterated that administrative burden is not a justifiable reason to overcome the right to access. *See In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders*, 964 F.3d 1121, 1131-33 (D.C. Cir. 2020). Moreover, the Government's claim that the cumulative nature of the records justifies secrecy is undercut by Defendants' own admission that the records differ (even if minimally). Last, Defendants' conclusory claim that unsealing all prior submissions does not have a public benefit is wholly unfounded and controverted by Intervenor's previous statements.

## ARGUMENT

**A. Defendants Have Failed to Meet Their Burden, So All Records Should Be Unsealed.**

Defendants have failed to meet their burden to justify continued sealing. Where the common law and First Amendment rights of access apply to the sealed records, the Court should release those records unless the Government can show that continued withholding "is essential to

preserve higher values and is narrowly tailored to serve that interest." *Dhiab v. Trump*, 852 F.3d 1087, 1102 (D.C. Cir. 2017) (Williams, J., concurring).  Here, Defendants do not allege that the right of access does not apply, *see generally* ECF No. 100, and even so, the Government fails to meet both of its requirements, so *all* records must be unsealed.

The Government has not stated how continued secrecy is "essential to preserve higher values."  Indeed, the Government has not identified a single interest justifying continued sealing.  This Court has enumerated a narrow set of interests that justify sealing, including privacy, national security concerns, trade secrets, and potential of threats of prejudice.  *See United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citation omitted, footnotes omitted).  Defendants listed none of these interests.  Even if they had, these reasons would not be credible in this instance.  *Cf. Washington Post v. Robinson*, 935 F.2d 282, 283-85, 291-92 (D.C. Cir. 1991) (rejecting government's argument that plea agreement should remain sealed because it "was part of an ongoing criminal investigation" and holding that this was an insufficient interest where unsealing records "could hardly have posed any additional threat to the ongoing criminal investigation") (citation omitted).

Additionally, even if the Government had articulated some credible compelling interest, that still would not justify keeping the records entirely out of the public's sight, because limits on access must be narrowly tailored to survive constitutional scrutiny.  The Supreme Court and the D.C. Circuit have held that courts must consider alternatives to wholesale sealing when adjudicating requests for access to judicial records and proceedings.  *See Press-Enterprise Co. v. Super. Ct.*, 478 U.S. 1, 13-14; *Robinson*, 935 F.2d at 287.  Where Defendants have not met their

burden, all the enumerated records (including the declaration and attached exhibits) must be unsealed.[1]

### B. Undue Burden is an Unjustified Reason for Continued Sealing According to This Circuit's Caselaw.

Without providing a legitimate reason for sealing records, the Government makes the unjustified claim that this Court should not release records because it would be unduly burdensome. ECF No. 100 at 3-4 (stating that, to the extent the Court unseals the records, "the Court's order only should apply prospectively and that the Court should not order the unsealing of prior monthly submissions, which would be burdensome"). The Government states:

> An order addressed to prior submissions would place the burden on either the Clerk, or Defendants, to ensure the redaction of the personally identifying information in the three columns of each spreadsheet (Exhibit "A" and "B" to the Metoyer Declaration) before those prior filings are placed on the public docket. That would be a burdensome task, and create the potential for the inadvertent disclosure of personally identifying information, given the volume of pages at issue (several hundred pages when the prior submissions are considered collectively).

*Id.* at 4.

But "administrative burden" is insufficient to thwart the right of access. *See In re Leopold*, 964 F.3d at 1133 ("[A]lthough administrative burden is relevant to how and when documents are released, it does not justify precluding release forever."). As the D.C. Circuit explained in *In re Leopold*, if the right attaches, records should be released. *Id.* ("The records at issue here are not nailed into a nondescript crate, stored deep in a sprawling, uncataloged warehouse. *Cf.* RAIDERS OF THE LOST ARK (Lucasfilm Ltd. 1981)"). "Production may be time-consuming, but time-consuming is not the same thing as impossible." *Id.* That is because the right of access to judicial records is grounded in the importance of judicial transparency and accountability to the public, not

---

[1] As stated in CIR's motion, Intervenor does not request private information be unsealed.

3

the convenience of the government.  *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 565-69 (1980).  For this reason, the previously filed records should be unsealed.[2]

### C. Defendants' Claim That Prior Records Should Not Be Unsealed Because They Are Cumulative Is Unjustified.

"What transpires in the court room is public property."  *Craig v. Harney*, 331 U.S. 367, 374 (1947).  As Supreme Court Chief Justice John Roberts recently explained, "it's not as if we're doing this in secret. . . . [The judicial branch is] the most transparent branch in government."  Chief Justice John G. Roberts, *Remarks at 2018 Federal Judicial Conference of the Fourth Circuit* (June 29, 2018), *available at* https://cs.pn/39cI4d4.  Public access to judicial records ensures that the public can fully understand what transpired in the court and furthers the value of government accountability.  Indeed, this need for transparency is especially heightened in cases involving the court's oversight of government actions.  *Hubbard*, 650 F.2d at 314-16 ("Access to records serves the important functions of ensuring the integrity of judicial proceedings in particular and of the law enforcement process more generally.") (citation omitted).  Accordingly, the public must have access to the motions, briefs, and other materials that courts rely upon to make their decisions. This transparency allows the public and the press to monitor the judicial branch, fostering trust in the judicial system*.  See Sheppard v. Maxwell*, 384 U.S. 333, 350 (1966).

Here, the Government claims that the spreadsheets and declarations[3] previously filed with

---

[2] Even if the administrative burden were a justifiable reason for sealing records, maintaining sealed matters is actually quite onerous. *See* Stephen Smith, *Gagged, Sealed, & Delivered: Reforming ECPA's Secret Docket*, 6 HARV. L. & POL'Y REV. 313, 334 (2012) ("[S]ecrecy also has a financial cost, because sealed records are more burdensome for clerk's offices to maintain than open records."); *see also* Tim Reagan & George W. Cort*, Fed. Judicial Ctr., Sealed Cases in Federal Courts (2009)*, *available at* https://www.fjc.gov/sites/default/files/2012/SealCaFC.pdf.

[3] Moreover, to the extent the Government argues that the declarations should be withheld, this Circuit has previously stated they must be disclosed.  In *In re Leopold*, this Court expressly

4

this Court are "cumulative in nature"—as "the data on them for past reporting periods would be encompassed within future monthly submissions"—and should therefore remain sealed. ECF No. 100 at 4. However, the Government contradicts itself, admitting that these records are not in fact identical and are possibly meaningfully different:

> For instance, information contained on an earlier spreadsheet may have been corrected, or otherwise updated, on a more recent spreadsheet. In addition, on occasion, a spreadsheet may only have reflected information for the reporting period at issue[.]

*Id.* at 2 n.2.

These type of "corrections," "updates," and differences in filed records are important information for the public to see—particularly where they involve such important data as parole information. *Hubbard*, 650 F.2d at 315-16 (noting that access ensures integrity of judicial proceedings and law enforcement). Any differences may reveal important changes or updates made by the Government that require government accountability. To the extent that these differences even reflect corrections, those, too, would be useful in identifying prior oversights or improper decision-making.[4] Where release of information is clearly in the public interest, the Government cannot—without more explanation, and especially given possible changes over time—credibly claim a "limited benefit to the public" exists.

---

recognized that requests for court records "and their supporting documents" are subject to the common-law presumption of access. 964 F.3d at 1128, 1133.

[4] To the extent the Government harbors this concern, there is no reason to anticipate that the unsealing of these documents would lead to the reporting of simple clerical errors or inaccuracies or would otherwise create opportunity for abuse. "The press does not simply publish information about trials but guards against the miscarriage of justice by subjecting the police, prosecutors, and judicial processes to extensive public scrutiny and criticism." *Sheppard*, 384 U.S. at 350 ("A responsible press has always been regarded as the handmaiden of effective judicial administration.").

5

**CONCLUSION**

As the records at issue are covered by the well-established right of access under the common law and First Amendment, and as the Government has not met its weighty burden to override the public's interest in these records, unsealing is necessary. For these reasons and the others discussed above, this Court should grant Intervenor's Motion in full.

Respectfully submitted,

Dated: September 30, 2020         By:   /s/ D. Victoria Baranetsky
                                        D. VICTORIA BARANETSKY
                                        General Counsel
                                        The Center for Investigative Reporting
                                        1400 65th St., Suite 200
                                        Emeryville, CA 94608
                                        Telephone: 510-982-2890, Ext. 390
                                        Email: vbaranetsky@revealnews.org

                                        /s/ Chelsea T. Kelly
                                        Chelsea T. Kelly (DC Bar No. 1045673)
                                        Davis Wright Tremaine LLP
                                        1301 K Street NW
                                        Suite 500
                                        Washington, D.C. 20005
                                        Phone:  (703) 850-6317
                                        Fax:  (202) 973-4450
                                        Email:  chelseakelly@dwt.com

                                        *Counsel for Third-Party Intervenor*
                                        *The Center for Investigative Reporting*

**CERTIFICATE OF SERVICE**

I certify that on September 30, 2020, I served a copy of the foregoing document on the Court and all parties of record by causing this document and its attachments to be filed with the clerk of the Court through the CM/ECF system, which will provide electronic notice of this document to all attorneys of record.

Date: September 30, 2020

/s/ *Chelsea T. Kelly*
Chelsea T. Kelly (DC Bar No. 1045673)
Davis Wright Tremaine LLP
1301 K Street NW
Suite 500 East
Washington, D.C. 20005
Phone: (703) 850-6317
Fax: (202) 973-4450
Email: chelseakelly@dwt.com

*Counsel for Third-Party Intervenor*
*The Center for Investigative Reporting*