UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANGEL ALEJANDRO HEREDIA MONS, *et al.*,

    Plaintiffs,

       v.

CHAD WOLF, *et al.*,

    Defendants.

Civil Action No. 19-1593 (JEB)

**MEMORANDUM OPINION AND ORDER**

    The Center for Investigative Reporting seeks to intervene here for the limited purpose of requesting the unsealing of certain documents submitted on the docket in this immigration case. See ECF No. 95 (Mot.). More specifically, it desires the release of the Department of Homeland Security's monthly productions regarding first-time parole determinations, along with redeterminations, for newly arrived immigrants. As Defendants largely do not object, and as the Court believes unsealing warranted, it will grant the Motion with some provisos.

    No one contests CIR's ability to intervene here, as our Circuit frequently permits non-party news organizations to intervene in civil cases for the limited purpose of seeking the unsealing of records. See, e.g., In re: Reporters Comm. for Freedom of the Press, 773 F.2d 1325, 1327 (D.C. Cir. 1985). Moving on to the unsealing itself, "the starting point . . . is a 'strong presumption in favor of public access to judicial proceedings.'" EEOC v. Nat'l Children's Ctr., 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting Johnson v. Greater Se. Cmty. Hosp. Corp., 951 F.2d 1268, 1277 (D.C. Cir. 1991)). The D.C. Circuit has established a six-factor balancing test to guide courts faced with a motion to seal or unseal judicial records. See United States v.

1

Hubbard, 650 F.2d 293, 317–22 (D.C. Cir. 1980). These factors, which balance the public interest in access against the privacy interest in nondisclosure, are:

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced.

Johnson, 951 F.2d at 1277 n.14 (citing Hubbard, 650 F.2d at 317–22). DHS does not challenge that the scale here clearly tips toward disclosure.

The Government, instead, proposes two limitations on unsealing. The first, which relates to personal information, is easily resolved. Defendants ask that the names and Alien numbers of potential parolees not be released so as to safeguard their anonymity, see ECF No. 100 (Opp.) at 3, and CIR acknowledges that it "does not request [that] private information be unsealed." ECF No. 104 (Int. Reply) at 4 n.1. In addition, DHS contends that any unsealing "order should only apply prospectively and that the Court should not order the unsealing of prior monthly submissions, which would be burdensome and of limited benefit to the public . . . ." Opp. at 3–4.

The Court disagrees as to the latter position. While DHS believes that the release of past submissions would simply be cumulative, it acknowledges that "information on an earlier spreadsheet may have been corrected, or otherwise updated, on a more recent spreadsheet." Id. at 2 n.2. As CIR points out, moreover, the D.C. Circuit has explained that "although administrative burden is relevant to how and when documents are released, it does not justify precluding release forever." In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders, 964 F.3d 1121, 1133 (D.C. Cir. 2020). As a result, the Court will require prompt release

of the most recent submission, but give DHS some more time to release redacted versions of the older documents.

The Court, accordingly, ORDERS that:

1. CIR's Motion to Intervene and Unseal is GRANTED;

2. CIR may INTERVENE;

3. Henceforth, DHS's monthly submissions to the Court (and its public docket) shall include both a public version with personally identifiable information redacted — *i.e.*, the first three columns of each spreadsheet — and a sealed version with fully unredacted spreadsheets;

4. DHS shall by October 13, 2020, file a similarly redacted version of ECF No. 99 (the most recent submission) on the docket; and

5. DHS shall by November 9, 2020, file a similarly redacted version of all other prior monthly submissions on the docket.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: October 5, 2020