UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Heredia Mons, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 19-cv-1593 (JEB) |
| v. ) | |
| ) | |
| Alejandro Mayorkas, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## JOINT STATUS REPORT

Pursuant to the Court's minute Order dated February 11, 2021, the parties, by and through undersigned counsel, submit the following joint status report.

On February 5, 2021, Defendants produced to Plaintiffs an updated training PowerPoint, emails sent out monthly by Metoyer (without attachments), and detainee handbooks. In addition, on that same date, Defendants provided a supplemental interrogatory response listing additional training dates, the types of attendees who attended the training and stating that the additional training consisted of a PowerPoint presentation titled Refresher Training for New Orleans, September 2019, that was similar to previously produced PowerPoint training presentations with a modification on page 26 of the PowerPoint (the updated PowerPoint presentation was produced concurrently as noted above). Finally, Defendants re-produced certain previously produced training material with less redactions to attempt to address issues raised by Plaintiffs regarding the extent of redactions on that previously produced material. In addition, on February 23, 2021, Defendants provided Plaintiffs an amended supplemental interrogatory response identifying the individual who conducted the training referenced in the above referenced supplemental interrogatory response.

**Plaintiffs:** Plaintiffs assert the supplemental interrogatory response is deficient in several respects. In the previous Joint Status Report, Defendants agreed to produce a supplemental interrogatory response listing the additional training dates, identifying the person who conducted the training, the types of attendees, and to confirm the PowerPoint used based on prior production bates-numbering. R. Doc. 122 at 2. Defendants' supplemental interrogatory response lists the dates of "additional virtual trainings," but it fails to identify locations for the trainings. As Plaintiffs have previously asserted, information showing that Defendants conducted training of all personnel involved in parole determinations is relevant to this Court's determination of compliance.

Finally, the response broadly states, "the types of attendees at these trainings were ERO personnel within the New Orleans Field Office (both regular employees and those on detail) who handle parole based on the 2009 Parole Directive." As with Defendants' previously deficient responses, this statement is so vague and oblique as to contain no information at all. It does not identify the "type" of attendee beyond a generic category that includes innumerable individuals who hold various types of positions. Plaintiffs aver that this is not responsive.

Further, Plaintiffs assert that more than sufficient time has elapsed between the time the aforementioned requests were made and the present, and thus that Defendants have no justification for their current deficiency and delay. Defendants' monthly status reports have shown no improvement in the overall percentage of asylum grants, and that percentage remains egregiously low compared to those in the years preceding this lawsuit and the Court's injunction. As such, Plaintiffs seek to proceed with Plaintiffs' Motion to Show Cause, for Expedited Discovery, and for Appointment of Special Master, filed on May 12, 2020. Plaintiffs continue to seek remedy from the Court and do so in the form of permanent injunction and court monitoring. Accordingly, Plaintiffs request the opportunity to address these issues before the Court at a future hearing.

**Defendants:**

In the last status report, Defendants noted their request that Plaintiffs identify any issues regarding discovery items that they contend to remain in dispute by email at least one week prior to the next report date to allow for a productive discussion in advance of the report.  On Monday, February 22, 2021, Plaintiffs advised that their "position regarding the deficiencies has not changed from the last JSR."  In the last joint status report, Plaintiffs alleged that the supplemental interrogatory response was "deficient in several respects".  Accordingly, Defendants understand that interrogatory response and the previously identified alleged deficiencies with that response to be the only outstanding discovery issue.

As to the supplemental interrogatory response, which pertains to category 6 of the items of discovery identified in the July 23, 2020 minute order, Defendants provided an amended response to identify the individual who conducted the training referenced in that supplement, which was one of the issues that Plaintiffs had identified in the last report (the Court's July 23, 2020 order, however, did not require disclosure of that information).  As to the other alleged deficiencies, Defendants maintain that their response is adequate and note that the Court previously has rejected Plaintiffs' contention as to the alleged inadequacy of Defendants' description of the "type of attendees" attending such trainings.  (Tr., Nov. 10, 2020 at 21-25)  Accordingly, that issue already has been resolved in favor of Defendants.  To the extent the Court intends to hold a status conference to discuss this issue and/or to discuss the scheduling of any evidentiary hearing on Plaintiffs' motion to show cause, undersigned counsel notes that he has depositions scheduled for February 26, 2021, March 5, 2021, and March 15, 2021, and also has an existing Court appearance in another matter scheduled for March 3, 2021.

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

BRIAN P. HUDAK
Acting Civil Chief

By: _____/s/_____
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.Simon@usdoj.gov

Counsel for Defendants

    AND


MELISSA CROW (D.C. Bar #453487)
Senior Supervising Attorney

_____/s/_____
LUZ V. LOPEZ (*pro hac vice*)
Senior Supervising Attorney
SOUTHERN POVERTY LAW CENTER
1101 17th St., NW, 7th Floor
Washington, DC 20036
Tel: (202) 355-4471
Melissa.Crow@splcenter.org
Luz.Lopez@splcenter.org

VICTORIA MESA-ESTRADA (*pro hac vice*)
MICHELLE GONZALEZ (*pro hac vice*)
SOUTHERN POVERTY LAW CENTER
2 S BISCAYNE BLVD, STE 3200
MIAMI, FL 33101
TEL: (786) 347- 2056
victoria.mesa@splcenter.org
mich.gonzalez@splcenter.org


BRUCE HAMILTON (*pro hac vice*)

<div style="margin-left: 50%;">

**AMERICAN CIVIL LIBERTIES UNION OF LOUISIANA FOUNDATION**
P.O. Box 56157
New Orleans, LA 70156
Tel: (504) 522-0628
kschwartzmann@laaclu.org
bhamilton@laaclu.org
Counsel for Plaintiffs

</div>