UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Angel Alejandro Heredia Mons; Roland Nchango Tumenta; Dayana Mena Lopez; Y.A.L.; J.M.R.; P.S.P; R.O.P.; Adrian Toledo Flores; Douglas Enrique Puche Moreno; M.R.M.H; F.J.B.H.; and Miguel Angel Giron Martinez; on behalf of themselves and others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>Alejandro MAYORKAS, Secretary of Homeland Security; Patrick J. LECHLEITNER, Deputy Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; Corey PRICE, Executive Director for U.S. Immigration and Customs Enforcement, in his official capacity; and Mellissa HARPER, Acting Director of New Orleans Field Office, in their official capacities,<br><br>*Defendants.* | Civil Action No. 19-1593 (JEB) |

**SETTLEMENT AGREEMENT**

WHEREAS Plaintiffs Angel Alejandro Heredia Mons; Roland Nchango Tumenta; Dayana Mena Lopez; Y.A.L.; J.M.R.; P.S.P; R.O.P.; Adrian Toledo Flores; Douglas Enrique Puche Moreno; M.R.M.H; F.J.B.H.; and Miguel Angel Giron Martinez, on behalf of themselves and others similarly situated (hereinafter "Plaintiffs"), and Defendants Alejandro Mayorkas, Secretary of Homeland Security; Patrick J. Lechleitner, Deputy Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement ("ICE"); Daniel Bible, Executive Director for U.S. Immigration and Customs Enforcement; and Mellissa Harper, Director of New Orleans Field Office;, in their official capacities (hereinafter "Defendants"), seek to resolve

all outstanding issues in the above-captioned matter, and mutually seek an expedited resolution to the outstanding issues in this case,

IT IS HEREBY AGREED, by and between Plaintiffs and Defendants (hereinafter, the "Parties"), by and through their respective undersigned counsel, as follows.

## RECITALS

A. In May 2019, Plaintiffs filed the above-captioned lawsuit (the "Lawsuit"), seeking to enjoin Defendants' alleged practice of categorically denying parole to asylum-seekers in contravention of Directive No. 11002.1, Parole of Arriving Aliens Found to Have a Credible Fear of Persecution or Torture (hereinafter, "the 2009 Parole Directive") as violative of the Administrative Procedure Act ("APA"), and also alleging that Defendants violated both the APA and the Due Process Clause of the Fifth Amendment to the Constitution in allegedly failing to provide individualized determinations in connection with the terms of the 2009 Parole Directive. Defendants deny these allegations.

B. By order dated September 5, 2019, the Court, among other things, granted Plaintiffs' motion or preliminary injunction and granted Plaintiffs' motion for class certification on a provisional basis for purposes of the preliminary injunction.

C. By order dated January 9, 2020, the Court defined the provisionally certified class as follows: "(1) all arriving asylum seekers; (2) who receive positive credible fear determination; and (3) who are or will be detained by U.S. Immigration and Customs Enforcement after having been denied parole by the New Orleans ICE Field Office, including all those denied parole after September 5, 2019."

## TERMS AND CONDITIONS

1. Defendants shall comply with the standards and procedures set forth in 2009 Parole Directive until the 2009 Parole Directive is amended, modified, rescinded, superseded, or terminated, whichever occurs first.

2. The Settlement Agreement shall remain in effect for two years following its Effective Date, or until the 2009 Parole Directive is amended, modified, rescinded, superseded, or terminated, whichever occurs first, subject to the limitation in Paragraph 3.

3. In the two-year period following approval of the Settlement Agreement, should ICE issue a new policy directive affecting parole for "arriving aliens" who have been found to have a credible fear of persecution of torture, such directive, will provide for the following: (1) upon finding of credible fear, ICE's consideration of parole of such "arriving aliens"; (2) for such "arriving aliens", parole, pending their section 240 removal proceedings, if the noncitizen establishes that he or she is neither a flight risk nor a danger to the community, if release is warranted for an urgent humanitarian reason or to serve a significant public benefit, and if no additional factors weigh against the release of the noncitizen, such as serious adverse foreign policy consequences or overriding law enforcement interests; (3) individualized determinations of the foregoing factors; and (4) written notification of decisions not to release.

4. If parole is denied, the local ICE Enforcement and Removal Operations field office will provide an initial written denial to the noncitizen, and if represented, to the noncitizen's attorney of record. The written denial will provide a brief explanation for the reasons denying parole and a notification that the noncitizen may request redetermination based upon changed circumstances or additional evidence relevant to the alien's identity, security risk, or risk of absconding. The decision will be sent via e-mail whenever possible, and in the absence of an email address for the attorney of record, via traditional mailing. For detained individuals who are pro se,

a copy of the denial will be provided to the noncitizen by the ICE staff at the respective facility in which they are detained. ICE will provide an oral translation of the denial to detained individuals who are pro se where those individuals cannot communicate effectively in English.

5. Defendants shall provide periodic reporting to the Court from the New Orleans field office ("Field Office") in the same manner and format as has occurred during the pendency of the above-captioned action for the duration of the Settlement Agreement as set forth in paragraph 2 (and not to exceed 24 months commencing on January 1, 2024, or the first day of the month immediately following the Parties' execution of this Agreement, whichever is earlier) as follows: (a) an initial 7 months of monthly reporting, (b) followed by quarterly reporting.

6. Defendants shall pay Plaintiffs the amount of $75,000 in full satisfaction of any claim for reasonable attorneys' fees and costs incurred in this matter, including attorneys' fees and costs incurred in connection with the final approval procedures set forth in paragraph 20 below (the "Settlement Payment"). The Settlement Payment shall be made by an electronic funds transfer as specified in instructions provided to Defendants' undersigned counsel by Plaintiffs' counsel in writing. Defendants will effectuate payment promptly after the receipt of such instructions by Defendants' counsel following Court approval of this Settlement Agreement. Counsel for Plaintiffs shall be responsible for allocating the Settlement Payment among themselves and Plaintiffs.

7. Plaintiff and Plaintiffs' counsel agree and consent to Defendants' counsel filing the Stipulation of Dismissal attached hereto bearing Plaintiffs' counsel's printed signature (designated "By Permission") with the Court at any time following expiration of the Settlement Agreement as set forth in paragraph 2 above, and such filing shall constitute a dismissal of the above-captioned action with prejudice pursuant Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

8. ICE Enforcement and Removal Operations will dedicate personnel at the headquarters level that will oversee implementation of the 2009 Parole Directive or any successor policy and work to ensure a consistent national application, including providing guidance to the field nationwide, ensuring sufficient training, and overseeing reporting. Enforcement and Removal Operations will also identify which process at the headquarters level permits requests for review of denials to be decided, including designating an appropriate senior level position to render such decisions.

9. ICE will implement compulsory, nationwide yearly online training on the 2009 Parole Directive, including a test component added at the end of the training for retention and absorption purposes, until such time as the 2009 Parole Directive is amended, modified, rescinded, or terminated, whichever occurs first. New hires will participate in this training within sixty (60) days of their start date.

10. ICE will send a broadcast message to the workforce reminding field offices of their obligations under the 2009 Parole Directive or any successor policy.

11. The Field Office, for so long as the Settlement Agreement remains in effect, will provide notice of the Settlement Agreement to provisional class members by posting notice in each detention center where class members are detained and by providing written notice to individual detainees when they assume class-member status. Such notice shall be posted in the English, Spanish, Arabic, and Russian languages.

12. By entering into this Settlement Agreement, Defendants make no concessions or admissions whatsoever concerning the factual allegations or merits of the legal claims in the Complaint filed in the Lawsuit. By entering into this Settlement Agreement, Defendants do not waive any available defense to any claim or factual allegation raised in the Complaint in the

Lawsuit. This Settlement Agreement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of Defendants, its agents, servants, employees, or former employees, and it is specifically denied that they are liable to Plaintiffs.

13. Plaintiffs release any and all claims, demands, rights, and causes of action of whatsoever kind and nature (including any claim for attorney fees, litigation expenses, and/or costs) against Defendants, whether in their official or individual capacities, arising from, or related to, the subject matter that gave rise to the Lawsuit, including any determinations made with respect to them under the 2009 Parole Directive. Plaintiffs agree that no further suit will be instituted for the same causes of action that have been asserted herein or for any other causes of action arising out of the incidents or circumstances that gave rise to this suit, including any claims to attorneys' fees and costs.

14. The Parties agree that the sole remedy for any material breach of the Settlement Agreement by a Defendant is the reinstatement of the claims asserted in the Lawsuit and that no claim for specific performance, injunctive relief, or mandamus shall lie against any Defendant to compel their compliance with the obligations set forth in this Settlement Agreement. Should a Defendant be found to have breached the terms of the agreement, the parties agree that the period commencing on the Effective Date of this agreement through the date of any breach shall be excluded for purposes of any applicable statute of limitations or repose.

15. The Parties agree that this Settlement Agreement contains the entire agreement between the Parties. Plaintiffs acknowledge and agree that no promise or representation not contained in this Agreement has been made to it and acknowledges and represents that this Agreement contains the entire understanding between the Parties, and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No

statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced, nor does this Agreement reflect any agreed upon purpose other than the desire of the Parties to reach a full and final conclusion of the litigation and to resolve that suit without the time and expense of further litigation.

16. The Settlement Agreement shall not be construed or understood as a limitation upon Defendants' authority to amend, modify, suspend, rescind, supersede or terminate the 2009 Parole Directive in any manner other than that referenced in paragraph 3 above.

17. The effective date of this Settlement Agreement is the date on which the last of the signatories has signed the Agreement as reflected by the dates appearing by the signature lines below (the "Signature Date") and any final Court approval (to the extent deemed necessary) obtained (the "Effective Date").

18. The Parties agree that this Settlement Agreement may be made public in its entirety. Plaintiffs expressly consent to the release and disclosure of this Agreement pursuant to the Privacy Act, including without limitation 5 U.S.C. § 552a(b), and the Freedom of Information Act.

19. It is contemplated that this Settlement Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document. A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original.

20. The Parties agree to the following final approval procedures:

   a. Within 30 days of the Signature Date, the Parties shall jointly move for a Preliminary Approval Order, preliminarily approving this Agreement and finding this settlement to be fair, just, reasonable, and adequate; certifying the Settlement Class in a manner consistent with the Court's January 9, 2020 provisional certification order;

approving the Class Notice to the Class Members; and setting a Fairness Hearing to consider the Final Approval Order and any objections thereto.

  b. The joint motion for Preliminary Approval Order shall request that the Court order not later than fourteen (14) days after entry of the Preliminary Approval Order (unless otherwise modified by the Parties or by order of the Court), that the Parties shall effectuate notice to Class Members as described in subsection (c) below.

  c. The Parties stipulate to the form of notice under Federal Rule of Civil Procedure 23(e)(1), which is attached as Exhibit A ("Class Notice").

    i. ICE will post the Class Notice for at least sixty (60) days in each detention center where class members are detained at facilities within the jurisdiction of the New Orleans Field Office. Such notice shall be posted in the English, Spanish, Arabic, and Russian languages.

    ii. Counsel for Plaintiffs will post the Class Notice for at least sixty (60) days in a reasonably accessible location on a website of the Southern Poverty Law Center and the American Civil Liberties Union Foundation of Louisiana.

  d. The joint motion for Preliminary Approval Order shall request that the Court order the following procedure for objections: that on or before sixty (60) days after the Court issues a Preliminary Approval Order, any Class Member who wishes to submit comments or object to the fairness, reasonableness, or adequacy of this Agreement or the settlement contemplated herein must file with the Clerk of Court and serve on the Parties a statement of objection setting forth the specific reason(s), if any, for the objection, including any legal support or evidence in support of the objection, grounds to support their

status as a Class Member, and whether the Class Member intends to appear at the Fairness Hearing. The Parties will have ten (10) days following the objection period in which to submit answers to any objections that are filed with the Clerk of Court.

e.   The Parties agree that no Class Member may opt out of any of the provisions of this Agreement.

f.   At the Fairness Hearing pursuant to Federal Rule of Civil Procedure 23(e)(2), the Parties shall jointly move for entry of the Final Approval Order, substantially in the form of Exhibit B, granting final approval of this Agreement to be final, fair, reasonable, adequate, and binding on all Class Members; overruling any objections to the Agreement; ordering that the terms be effectuated as set forth in this Agreement; giving effect to the releases as set forth in paragraph 13 of this Agreement; and retaining jurisdiction to enforce the Agreement until the filing of the Stipulation of Dismissal as provided for in paragraph 7 above.

g.   If the Court grants Final Approval, the Parties stipulate that this Agreement shall not be construed as a consent decree or its equivalent.

h.   If the Court rejects this Agreement, in whole or in part, or otherwise finds that the Agreement is not fair, reasonable, and adequate, the Parties agree to meet and confer to work to resolve the concerns articulated by the Court and modify the Agreement accordingly for purposes of resubmitting a revised Agreement for the Court's consideration.

i.   Except as otherwise provided herein, in the event the Agreement is terminated or modified in any material respect or fails to become effective for any reason, the Agreement shall be without prejudice and none of its terms shall be effective or

enforceable; the Parties to this Agreement shall be deemed to have reverted to their respective status in the Lawsuit as of the date and time immediately prior to the execution of this Agreement; and except as otherwise expressly provided, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered.

  j.  If the Court rejects this Agreement, neither this Agreement nor any draft thereof, nor any negotiation, documentation, or other part or aspect of the Parties' settlement discussions, nor any other document filed or created in connection with this settlement, shall have any effect or be admissible in evidence for any purpose in the Lawsuit or in any other proceeding, except in a proceeding to enforce the Agreement, and in any event only for the purposes of litigating the Lawsuit.

[SIGNATURE PAGE FOLLOWS BELOW]

IN WITNESS WHEREOF, the parties hereto, have executed this Settlement Agreement on the dates shown below.

_____
LUZ V. LOPEZ
D.C. BAR #1720589
SOUTHERN POVERTY LAW CENTER
1101 17th St., NW, 7th Floor
Washington, DC 20036
TEL: (404) 387-9314
Luz.Lopez@splcenter.org

CHRISTINA LAROCCA (pro hac vice)
SOUTHERN POVERTY LAW CENTER
2 S BISCAYNE BLVD, STE 3750
MIAMI, FL 33101
TEL: (786) 347- 2056
christina.larocca@splcenter.org

NORA AHMED
ACLU OF LOUISIANA
1340 Poydras Street
Suite 2160
New Orleans, LA 70112
(504) 522-0628
nahmed@laaclu.org

DATED: 9/20/24

*Counsel for Plaintiffs*

MATTHEW M. GRAVES, D.C. BAR #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.Simon@usdoj.gov

DATED: 9/23/24

*Counsel for the United States of America*

Exhibit "A"

## NOTICE OF PROPOSED SETTLEMENT IN LAWSUIT INVOLVING DETAINEES ELIGIBLE FOR ICE PAROLE DETERMINATIONS

*Heredia Mons, et al., v. Mayorkas, et. al,* Case No. 19-cv-01593-JEB (D.D.C.)

**This notice has three purposes.**

The notice: (1) tells you about the proposed settlement terms and the hearing; (2) explains how you may object if you disagree with the proposed settlement terms, and (3) tells you how to obtain more information.

**About this Lawsuit:**

*Mons v. Mayorkas* is a class action lawsuit where the Plaintiffs allege that the Department of Homeland Security (DHS), through its Immigration and Customs Enforcement (ICE) New Orleans Field Office (Field Office), failed to comply with ICE Directive No. 11002.1, Parole of Arriving Aliens Found to Have Credible Fear of Persecution, issued December 8, 2009 (2009 Parole Directive).

On September 5, 2019, a federal district court ruled that the Field Office must comply with the 2009 Parole Directive and granted the Plaintiffs' motion for preliminary injunction and Plaintiffs' motion for class certification on a provisional basis.

On January 9, 2020, the court defined the class of persons that should receive ICE parole determinations under the 2009 Parole Directive as follows:

> **"(1) all arriving asylum seekers; (2) who receive positive credible fear determination; and (3) who are or will be detained by U.S. Immigration and Customs Enforcement after having been denied parole by the New Orleans ICE Field Office, including all those denied parole after September 5, 2019."**

**Does This Notice Apply to Me?**

If you are an asylum seeker, that came to the U.S. seeking admission as an arriving alien, meaning you came to the U.S. at a port-of-entry, or were found in international or U.S. waters and brought to the U.S., <u>and</u> were found to have a positive credible fear of persecution by the U.S. Citizenship and Immigration Services (USCIS) or the Executive Office of Immigration Review (EOIR), then you may be a class member.

The parties have now reached a class settlement agreement, and the Court has preliminary approved this agreement. A hearing has been scheduled for **DATE** at **TIME** before the Honorable James E. Boasberg, in Washington D.C., for consideration of a proposed settlement of the claims that have been brought on your behalf in this lawsuit.

**A. Summary of the Proposed Settlement Agreement:**

1. If the 2009 Parole Directive applies to you, the Field Office will give you an opportunity to submit a parole request. If parole is denied, the Field Office will provide you and your attorney of record with an initial written denial. If you do not have any attorney, the Field Office will provide you a copy of the written denial and if you cannot communicate in English, the Field Office will provide you an oral translation of the written denial.

2. Duration of the Agreement: The agreement shall last for 2 years from the effective date, or until the 2009 Parole Directive is amended, modified, rescinded, superseded, or terminated, whichever occurs first.

3. Successor Policy: If within the 2 years following approval of the Settlement Agreement, the government issues a new policy directive affecting class members, the successor policy will need to provide for:

    (1) upon finding of credible fear, ICE's consideration of parole of such "arriving aliens";
    (2) for such "arriving aliens", parole, pending their section 240 removal proceedings, if the noncitizen establishes that he or she is neither a flight risk nor a danger to the community, if release is warranted for an urgent humanitarian reason or to serve a significant public benefit, and if no additional factors weigh against the release of the noncitizen, such as serious adverse foreign policy consequences or overriding law enforcement interests;
    (3) individualized determinations of the foregoing factors; and
    (4) written notification of decisions not to release.

4. Reporting: The Field Office must provide periodic reports to the Court during the duration of the lawsuit not to exceed 24 months commencing on January 1, 2024, or the first day of the month immediately following the execution of the Settlement Agreement, whichever is earlier) as follows: (a) an initial 7 months of monthly reporting, (b) followed by quarterly reporting.

5. Attorneys' fees and costs: The government will pay Class Counsel $75,000 in settlement of all claims for fees and expenses related this matter.

6. Implementation: The government agrees to dedicate personal to oversee the implementation of the 2009 Parole Directive or any successor policy, the government will provide nationwide yearly online training on the 2009 Parole Directive, and the government will send a broadcast message to the workforce reminding them of their obligations under the 2009 Parole Directive or any successor policy.

7. Release of claims: The Plaintiffs agree to release all claims against Defendants, whether in their official or individual capacities, arising from, or related to, the subject matter that gave rise to the Lawsuit, including any determinations made with respect to them under the 2009 Parole Directive.

8. The sole remedy for any material breach of the Settlement Agreement by a Defendant is the reinstatement of the claims asserted in the Lawsuit and no claim for specific performance, injunctive relief, or mandamus shall lie against any Defendant to compel their compliance with the obligations set forth in the Settlement Agreement.

## B.    Procedures for Objection

You can ask the Court to reject the proposed settlement by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court rejects the settlement, the lawsuit will continue. If that is what you want to happen, you must object. You should object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in-person or through your own attorney or in whatever other manner the Court permits. If you appear through your own attorney, you are responsible for paying that attorney's fees. All written objections and supporting papers must:

1. Clearly identify the case name and number (*Heredia Mons, et al., v. Mayorkas, et. al,* Case No. 19-cv-01593-JEB (D.D.C.))
2. Be submitted to the Court either: (a) By mailing them to: Clerk's Office, U.S. District Court for the District of Columbia, 333 Constitution Avenue N.W., Washington D.C. 20001. Both the envelope and letter shall state: "Attention: Mons v. Mayorkas, Case No. 19-cv-01593-JEB (D.D.C.), or (b) By filing them in person at any location of the United States District Court for the District of Columbia;
3. Be filed or postmarked on or before DATE.
4. Be mailed or emailed to the following counsel of record for the Plaintiffs and Defendants:

*This Notice is not a solicitation from a lawyer and does not create any benefits.*

<u>For Plaintiffs</u>:

By email: immigration@laaclu.org

By mail:  LUZ V. LOPEZ
SOUTHERN POVERTY LAW CENTER
1101 17th St., NW, 7th Floor
Washington, DC 20036

ACLU OF LOUISIANA
ATTN: ANDREW PERRY
P.O. Box 56157
New Orleans, LA 70156

<u>For Defendants</u>:

By email: jeremy.simon@usdoj.gov

By mail:  JEREMY S. SIMON
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2528

**C.**   **For More Information:**

**This is a summary notice only.**  You can contact your attorney or the lawyers who represent class members (Class Counsel) for more information or for a copy of the complete proposed settlement agreement.  You can call Class Counsel at 504-522-0628.  You or your attorney may also e-mail Class Counsel at: immigration@laaclu.org.  Class Counsel do not represent individual noncitizens in their cases before the government.  You have the right to contact a separate legal representative of your choice <u>at no expense to the government</u>.

*This Notice is not a solicitation from a lawyer and does not create any benefits.*

Exhibit "B"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HEREDIA MONS, et al.,

    Plaintiffs,

v.

ALEJANDRO N. MAYORKAS,
Secretary of Homeland Security, et al.,

    Defendant.

Civil Action No. 19-1593 (JEB)

### [PROPOSED] ORDER GRANTING THE PARTIES' JOINT MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

Presently before the Court is the Parties' Joint Motion for Final Approval of the Settlement. On [date], the Court preliminarily approved the proposed Settlement Agreement and approved the proposed Notice Plan as described in the proposed Agreement at paragraphs 20(b.) and (c.), and it ordered the 60-day notice period to commence on [date]. The notice period ended on [date]. To date, no objections have been filed with the Court, and Class Counsel reports that no objections were lodged with them.

The Court has carefully considered the Parties' Joint Motion, the proposed Settlement Agreement, all filings related to the Settlement, the record in this case, and the factors listed in Federal Rule of Civil Procedure ("Rule") 23(e)(2). The Court held a fairness hearing on the motion on [date], following notice to the class as described above. The Court finds that the Agreement is fair, reasonable, and adequate. The Court hereby finally approves in all respects the Agreement. Therefore, the Agreement shall be consummated with its terms and provisions.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Court grants final approval of the Agreement in all respects, finding the terms of the Agreement are fair, reasonable, and adequate as required by Rule 23(e) and binding on all Class Members.

2. The previously certified class remains the certified class for purposes of the Agreement and is defined as follows: "(1) all arriving asylum seekers; (2) who receive positive credible fear determination; and (3) who are or will be detained by U.S. Immigration and Customs Enforcement after having been denied parole by the New Orleans ICE Field Office, including all those denied parole after September 5, 2019."

3. Defendants shall provide compliance reporting to the Court consistent with paragraph 5 of the Agreement and for the period set forth in that paragraph.

4. The Court orders Defendants to pay attorneys' fees and costs in the amount of $75,000 and in accordance with the provisions of paragraph 6 of the Agreement. The Court finds that this amount is fair, reasonable, and adequate.

5. The Parties shall execute and file a Stipulation of Dismissal of the Action with prejudice pursuant to Rule 41(a)(1)(A)(ii), consistent with paragraph 7 of the Agreement and the period set forth in that paragraph, and the Court retains jurisdiction to enforce the Agreement until the filing of the Stipulation of Dismissal. Pursuant to paragraph 14 of the Agreement, the sole remedy for any material breach of the Settlement Agreement by a Defendant is the reinstatement of the claims asserted in this action and no claim for specific performance, injunctive relief, or mandamus shall lie against any Defendant to compel their compliance with the obligations set forth in the Agreement.

      6.    The Court hereby gives effect to the release set forth in paragraph 13 of the Agreement.

**IT IS SO ORDERED.**

Dated this ___ day of ___, 2024.

                                                                                          U.S. District Judge James E. Boasberg

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEREDIA MONS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ALEJANDRO N. MAYORKAS,<br>Secretary of Homeland Security, et al.,<br><br>　　　　Defendant. | Civil Action No. 19-1593 (JEB) |

## STIPULATION OF DISMISSAL

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the parties to this action hereby stipulate to dismiss this action with prejudice pursuant to the parties' settlement agreement executed in connection with this matter.

\* \* \*

Respectfully submitted,

| | |
|---|---|
| *Luz V. Lopez (by permission)* <br> LUZ V. LOPEZ <br> D.C. BAR #1720589 <br> SOUTHERN POVERTY LAW CENTER <br> 1101 17th St., NW, 7th Floor <br> Washington, DC 20036 <br> TEL: (404) 387-9314 <br> Luz.Lopez@splcenter.org | MATTHEW M. GRAVES, D.C. Bar #481052 <br> United States Attorney <br><br> BRIAN P. HUDAK <br> Chief, Civil Division <br><br> By: _____*/s/ Jeremy S. Simon*_____ <br> JEREMY S. SIMON, D.C. Bar #447956 <br> Assistant United States Attorney <br> 601 D. Street, N.W. <br> Washington, D.C. 20530 <br> (202) 252-2528 <br> Jeremy.Simon@usdoj.gov <br><br> *Counsel for the United States of America* |
| CHRISTINA LAROCCA (pro hac vice) <br> SOUTHERN POVERTY LAW CENTER <br> 2 S BISCAYNE BLVD, STE 3750 <br> MIAMI, FL 33101 <br> TEL: (786) 347- 2056 <br> christina.larocca@splcenter.org | |
| NORA AHMED <br> ACLU OF LOUISIANA <br> 1340 Poydras Street <br> Suite 2160 <br> New Orleans, LA 70112 <br> (504) 522-0628 <br> nahmed@laaclu.org | |

*Counsel for Plaintiffs*